Argued March 17, reversed with instructions April 29, 1971

STATE OF OREGON, *Respondent, v.*
WILLIAM EUGENE KENT, *Appellant.*
484 P2d 1109

*Anthony Pizzuti,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

This is an appeal from a jury conviction for the crimes of inducement of a child into a conveyance with the intent to commit a sex offense, and sodomy. ORS 167.045; ORS 167.040.

The defendant was first indicted November 7, 1968. This indictment also charged defendant with contributing to the delinquency of a minor. In his first trial, he was found guilty by the court of all counts. Because defendant had not executed a written jury waiver, a new trial was ordered on September 24, 1969.

On October 6, 1969, defendant filed, in proper form from the penitentiary where he was serving a life sentence for another crime, written notice, as pre-

scribed by ORS 134.510 et seq., of demand for an early trial. These statutes require that the inmate be brought to trial within 90 days, unless, upon a showing of good cause, a continuance is granted. ORS 134.520. Failure to comply requires dismissal of the pending charge. ORS 134.530.

Also on October 6, 1969, but separately, defendant requested additional counsel. On October 9, 1969, this request was denied.

Then at the instance of the prosecution, on November 28, 1969, a hearing was held to consider additional counsel. Original counsel was retained and additional counsel appointed.

A second indictment was returned on December 19, 1969, setting out only the counts regarding inducement and sodomy. On December 30, 1969, defendant pleaded not guilty. On January 5, 1970, which was more than 90 days after his request for an early trial, defendant filed a motion to dismiss on the ground he was not brought to trial within 90 days as required by ORS 134.520 (1). The motion was denied on January 21, 1970, in a court other than the one in which he was tried. In the ensuing jury trial, in Judge Olsen's court, defendant was convicted on both counts. Judge Olsen sentenced him to life and 15-year sentences on the new convictions, to run concurrently with the former life sentence which defendant was serving.

The first assignment of error is the disallowance of the motion to dismiss for lack of a speedy trial.

Both indictments had the same file number and were the same but for the fact that the second omitted the charge of contributing to the delinquency of a minor.

■ ■ The prosecution claims that re-indictment of defendant on December 19, 1969, started the 90-day period running anew. The reason for re-indictment was that the statute upon which the contributing charge was based had been declared unconstitutional. Re-indictment was unnecessary, as a motion to dismiss the third count would have accomplished the same end. ORS 134.150. The state may not evade the purpose of ORS 134.510 et seq., by a process of re-indictment and dismissal.

■ The state argues that the delay was caused by defendant's request for additional appointed counsel. The facts do not bear this out. The defendant's request for additional counsel accompanied defendant's notice for an early trial made on October 6, 1969. It was promptly denied on October 9, 1969. The state later requested a hearing concerning additional counsel, which was held on November 28, 1969, and additional counsel was then appointed. At no time was the defendant told that hearings about additional counsel would affect his right to a speedy trial.

In *State v. Downing*, 4 Or App 269, 277, 478 P2d 420 (1970), this court held:

> "* * * A criminal prosecution begins with the state's lodging of a formal complaint against a defendant and the right to speedy trial inures at that time. The responsibility for delays or interruptions must be assumed by the party causing them. State v. Robinson, supra [3 Or App 200, 473 P2d 152 (1970)]."

Defendant's request for additional counsel caused no delay. The delay was caused by the state's request for a hearing and the subsequent unnecessary re-indictment.

■ It is argued that defendant has made no showing of prejudice. There is no such requirement in ORS 134.530. Prejudice must be assumed when the statutes are not complied with. The prosecution cites *State v. Evans*, 249 Or 314, 432 P2d 175, *cert denied* 390 US 971, 88 S Ct 1093, 19 L Ed 2d 1182 (1968), where the court held that a delay of 10 months and nine days did not violate the right to a speedy trial. There, the court mentioned the availability of the statutory procedure for obtaining an early trial, but there was no indication that defendant's request was made under the Oregon statute, and the standard applied by the court was the general one which proscribes "purposeful or oppressive" delay. The court also found that defendant was responsible for the major portion of the delay in that he: (1) insisted on an extradition proceeding; (2) refused an offer by the state to substitute his trial for any one on the criminal docket; and (3) after the date for trial was finally set, asked for and was granted a postponement.

In *Bevel v. Gladden*, 232 Or 578, 581, 583, 376 P2d 117 (1962), and *State v. Vawter*, 236 Or 85, 386 P2d 915 (1963), where defendants failed to avail themselves of the statutory procedure, the court held that there was a waiver of the rights created by ORS 134.510 et seq.

Had defendant here not availed himself of the statutory procedure, the general constitutional standard of "purposeful or oppressive" delay would apply as in *Bevel* and *Vawter*.

It is unnecessary for us to discuss the other assignments of error.

Reversed with instructions to dismiss the indictment and vacate the sentences based thereon.