Argued and submitted April 29, 1987, reversed and remanded with instructions
April 20, 1988

STATE OF OREGON,
*Respondent,*

*v.*

RANDY LEE GILLILAND,
*Appellant.*

(10-86-02061; CA A41436)

752 P2d 1255

Lawrence J. Hall, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for being an exconvict in possession of a firearm. ORS 166.270. The sole contention is that the court erred in denying his motion to dismiss for lack of speedy trial under ORS 135.760.[1] We reverse.

An information of felony was filed in district court on January 20, 1986, charging defendant with being an exconvict in possession of a firearm. At that time he was incarcerated in the Oregon Correctional Institution. On February 19, pursuant to ORS 135.760, he mailed a request for trial, which the district attorney's office received on February 21. No proceedings were held on the charge in district court and, on March 17, the grand jury indicted him on the same charge; the felony information pending in district court was dismissed later the same day.[2] Defendant was arraigned in circuit court on April 2 and pled not guilty. Trial was first scheduled for August 19, and defendant filed a motion to dismiss on the ground that he had not been tried within the time required by ORS 135.763(1).[3] ORS 135.765.[4] The court denied the motion.

Defendant's request for trial was received by the district attorney on February 21. The time limitation under ORS

---

[1] ORS 135.760 provides:

"(1) Any inmate in the custody of the Corrections Division against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

[2] The state's motion to dismiss the information in district court stated as the reason that defendant had been indicted for the same charge.

[3] ORS 135.763 provides, in pertinent part:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge."

[4] ORS 135.765 provides:

"On motion of the defendant or the counsel of the defendant, or on the own motion of the court, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

135.763(1) would have expired on May 22, 1986. He was not tried before that date, and there were no continuances which tolled the running of the 90-day period. ORS 135.763(2). Defendant contends that he complied with the statute in submitting his request for trial and is entitled to dismissal.

■ The state responds with two arguments in support of the ruling. The first is that defendant did not in fact comply with the statute. ORS 135.760 provides that a copy of the notice sent to the district attorney "shall be sent to the court in which the inmate has been charged by indictment, information or complaint." The state argues that, although the district attorney received the request, no copy was received by either the district or circuit court.

The question is not whether the court received it but whether it was sent. ORS 135.760. It was stipulated that the district attorney received the notice but that no copy appears in either the district or circuit court file about this case. Defendant testified on cross-examination:

"Q [District Attorney]: What's your recollection as to whom you mailed it to? How was it addressed?

"A [Defendant]: 'Lane County District Attorney, Lane County Courthouse.' And one was to the district attorney. And then I put another in the other envelope to the 'Lane County Court Clerk' — 'Court Clerk of Lane County.'

"Q Did you say what court?

"A 'District,' I guess. I guess that's 'District' — or 'Circuit.' One of the two."

The state contends that there is no evidence that defendant actually sent a copy of the notice to the district court where the charge was pending. That, the state argues, makes the notice invalid, because one of the necessary parties did not receive notice—the district court. The statute should be strictly construed and strictly complied with, the state argues.

The statute, ORS 135.763(1), plainly places responsibility on the district attorney to bring an inmate to trial:

"The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge."

It is not the responsibility of a court to bring criminal matters to trial; that is the duty of the district attorney. If a case is not timely prosecuted, a court may respond by dismissal or other sanction, but it cannot proceed with the prosecution of the case. The notice under ORS 135.760 is not a motion for an early trial addressed to the court; it is a notice to the prosecutor that the inmate wishes trial within the statutory period. In that light, whether or not the court was sent a copy of the notice, the statute imposes responsibility to act on the district attorney. The state cannot defend its lack of action by showing that a court did not receive a copy of the notice.[5]

The trial court did not base its ruling on whether the court was "sent" a copy; consequently, it made no finding as to whether defendant had in fact sent the notice to a court. We conclude that it is unnecessary to resolve that issue.

■ The state's second argument is the one on which the trial court denied the motion to dismiss. The state argues:

"Even assuming that defendant's notice is deemed valid, ORS 135.760, *supra,* applies only to charges currently pending against an inmate when the request is filed. At the time defendant filed his notice, the only charge pending against him was the felony information in district court * * *. After defendant filed his request, the state had the choice of either proceeding to preliminary hearing or dismissing the information.[2] On March 17, 1986, the district court dismissed the information that had been filed against defendant. By this action, defendant's 90-day claim was resolved entirely.

---

"2

"The information filed in district court commenced an action against defendant but was not a basis for prosecution. ORS 131.005(9)(a). Before defendant could have been tried, he first had to be charged by indictment by the grand jury or by information filed in circuit court after a preliminary hearing in which he was held to answer upon a showing of probable cause. Or Const Art VII (Amended), § 5."

It follows, the state contends, that the indictment filed in the circuit court was not pending when defendant filed

---

[5] The district attorney's inaction was by negligence, not design. The deputy in charge of the case was not aware of the notice that was in the file until defendant moved for dismissal.

the notice and, therefore, there was no time limit for trial on that indictment. In response to defendant's contention that the request for expeditious trial attaches to the subsequent indictment, the state argues humbly that

> "the grand jury is not controlled by the state; the prosecutor cannot require the grand jury to issue an indictment within a particular time frame and cannot control the matters on which the grand jury decides to indict."

It poses what it considers to be an untenable situation where a grand jury would decline to indict an inmate until well after 90 days from the date when the request for speedy trial was received.

The statutory schemes for speedy prosecution of inmates and for speedy trial in general evince a recognition by the legislature that the progression of a criminal prosecution is largely in control of the state. *See* ORS 135.763(1); ORS 135.745. Although the grand jury has authority to inquire into crimes, receive evidence, ORS 132.310, and issue indictments, the reality is that it acts upon matters presented by the district attorney and indicts on the basis of evidence submitted by, and usually only by, the district attorney. ORS 132.330; ORS 132.340.

Although ORS 135.745 is not directly applicable in this case, it illustrates another instance where the legislature has recognized the reality of criminal prosecution and placed a burden on the district attorney. That statute requires that, if an indictment is not found or an information filed by the district attorney within 30 days after a person is held to answer for a crime, the prosecution shall be dismissed. That statute, as well as ORS 135.765, cannot be ignored by the district attorney on the basis that the indictment on the charge is completely in the control of the grand jury. If the district attorney cannot make a timely presentation to the grand jury or induce the grand jury to act, he may request a continuance for good cause. ORS 135.745; ORS 135.763(2). The inducement for the district attorney to act is dismissal of the charge for failure to do so.

Another aspect of the state's argument is that the district attorney discharged his obligation under ORS 135.763(1) by seeking dismissal of the information of felony in the district court. At the time when that was filed in district

court, defendant had already been indicted on the identical charge and the indictment had been filed in the circuit court. The purpose of ORS 135.760 *et seq* is to get an inmate to trial on an outstanding charge forthwith. A statutory procedure for bringing a felony to trial in circuit court provides for the initial filing of the information in district court, where it cannot be tried, and for a preliminary hearing to determine if the accused should be held to answer. If the state elects to begin a felony prosecution by an information in district court, the obligation to bring the matter to trial within 90 days includes filing the necessary accusatory instrument in the appropriate court. The obligation is to bring the inmate to trial on the pending *charge;* it does not relate solely to the status of a pending accusatory instrument. *See State v. Kent,* 5 Or App 297, 484 P2d 1109 (1971). The court erred in denying defendant's motion to dismiss.

Reversed and remanded with instructions to dismiss the indictment.