Argued and submitted May 7, reversed and remanded August 29, 1990

## STATE OF OREGON,
*Appellant,*

*v.*

## STEVEN RAY EASTON,
aka Steven Ray Wagy,
*Respondent.*

(C890285CR (88-2656); CA A61764)

797 P2d 373

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David Rich, Hillsboro, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state appeals the trial court's order dismissing an indictment charging defendant with unauthorized use of a vehicle, ORS 164.135; driving while revoked, ORS 811.175; driving while a habitual offender, ORS 811.185; criminal mischief in the second degree, ORS 164.354; fraudulent use of a credit card, ORS 165.055; and attempting to elude. ORS 811.540. We reverse and remand.

On November 25, 1988, defendant was arrested for multiple criminal acts relating to his use of a motor vehicle and a credit card belonging to another and was lodged in the Washington County Jail. The district attorney filed an information against him, and a preliminary hearing was set for December 5, 1988. However, because the state was not ready to proceed and defendant opposed a continuance, the court granted defendant's motion to dismiss the felony charges. It also dismissed the traffic citations, because the state intended to present all charges arising out of the arrest to a grand jury at a later date.

Defendant subsequently was taken to the Linn County Jail on unrelated charges. After he served a jail sentence in that county, his parole was revoked, and he was transported to Oregon State Penitentiary (OSP). While at OSP he prepared a notice, pursuant to ORS 135.760 *et seq,* requesting speedy disposition of "DWS and any and all charges pending in Washington County including no complaints [*sic*]." The letter, dated February 6, 1989, was addressed to the Washington County District Attorney. According to defendant, a "legal assistant" at the penitentiary[1] mailed two copies of the letter, one to the district attorney and the other to the Washington County Circuit Court. Although the court file contains a copy of defendant's letter stamped "received May 16, 1989," the state maintains that the district attorney never received a copy.

On February 22, 1989, a grand jury indicted defendant for crimes related to his November 25, 1988, arrest. On May 12, 1989, defendant wrote to the Washington County Circuit Court and moved for dismissal of the indictment on

---

[1] The state posits that the "legal assistant" was a fellow inmate.

the ground that he had not been brought to trial within 90 days after requesting an early trial.[2] An attorney who was later appointed to represent him refiled the motions to dismiss on June 16, 1989. On June 23, 1989, at an omnibus hearing, the trial court granted them and dismissed the case.

The state contends that the trial court erred in dismissing the indictment, because there were no charges pending against defendant when he claims to have mailed his written notice. It points out that the information against defendant was dismissed December 5, 1988, but the subsequent indictment was not issued until February 22, 1989. Defendant's notice did not activate the provisions of ORS 135.760 *et seq*, the state contends, because, on February 6, 1989, the date that defendant allegedly sent his notice, there was no accusatory instrument.

The state is correct. ORS 135.760 provides:

"(1) *Any inmate* in the custody of the Department of Corrections *against whom there is pending* at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, *an indictment, information or criminal complaint* charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been *charged by indictment, information or complaint*." (Emphasis supplied.)

---

[2] ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

Under ORS 135.765:

"On motion of the defendant or the counsel of the defendant, or on the own motion of the court, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

The language of the statute is clear. By its terms, it applies only to charges made in "an indictment, information or criminal complaint." Because there was no accusatory instrument in existence at the time that defendant claims to have given written notice, the notice could not trigger the rights in ORS 135.763 *et seq.*[3]

*State v. Gilliland,* 90 Or App 477, 752 P2d 1255 (1988), on which defendant relies, does not require a different result. In *Gilliland,* after the defendant was charged in an information with being an ex-convict in possession of a firearm, he mailed a notice requesting an early trial. Although the state failed to bring him to trial within 90 days after receiving that request, the trial court denied his motion to dismiss. It reasoned that the only charge pending against the defendant when he mailed his notice was a felony information. Therefore, the state's dismissal of the information released it from any obligation under ORS 135.760 *et seq,* even though he was indicted the same day on an identical charge. 90 Or App at 481. We reversed the trial court, because

> "[i]f the state elects to begin a felony prosecution by an information in district court, the obligation to bring the matter to trial within 90 days includes filing the necessary accusatory instrument in the appropriate court. The obligation is to bring the inmate to trial on the pending *charge;* it does not relate solely to the status of a pending accusatory instrument." 90 Or App at 483. (Emphasis in original.)

Defendant contends that a similar analysis should be applied in his case, because the dismissal of the information did not change the fact that there were charges pending against him.

Defendant is mistaken. The basis for our decision in *Gilliland* was that, once a defendant has requested a speedy trial *on charges in an information, indictment or criminal complaint,* the state cannot avoid its obligation under ORS 135.760 *et seq* by dismissing one accusatory instrument and replacing it with another. We did not hold that a defendant can trigger the statute's provisions by requesting an early trial

---

[3] Defendant argues that the indictment against him was "pending" within the meaning of the statute, because the district attorney indicated that the state would seek an indictment, even if the information were dismissed. That contention is without merit.

on charges when *no* accusatory instrument exists. To do so would be to disregard the plain language of the statute.[4]

Reversed and remanded.

---

[4] We also reject defendant's suggestion that the language "pending * * * criminal complaint" should be read broadly to include any charge that has been lodged against an individual, regardless of whether an accusatory instrument exists. Read in context, the term "criminal complaint" in ORS 135.760 refers to "a formal method of initiating the criminal process and of identifying the crime charged." *State v. House,* 37 Or App 131, 133, 586 P2d 388 (1978). In other words, it is one type of accusatory instrument.