Argued and submitted October 9, 1990, the decision of the Court of Appeals affirmed, but on different grounds; appeal dismissed January 17, 1991

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## DAVID CARRILLO,
*Respondent on Review.*

(CC 88-10-1553C, 88-10-1554C, 88-10-1555C;
CA A60754 (Control), A60755, A60756; SC S37221)

804 P2d 1161

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

Marc Blackman, Portland, argued the cause for the respondent on review.

Before Peterson, Chief Justice, and Carson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

We allowed the state's petition for review in this criminal case to determine whether the state may appeal from a trial court's "judgment of acquittal" entered on a felony charge pursuant to ORS 136.130.[1] The Court of Appeals held that the state may not appeal. *State v. Carrillo,* 101 Or App 247, 790 P2d 1159 (1990). We affirm, but on different grounds.

Defendant was indicted for delivering marijuana for consideration, ORS 475.992(2)(a), a Class B felony. On November 22, 1988, he pleaded not guilty, and his trial was set for March 15, 1989. On March 15, 1989, defendant and his attorney appeared ready for trial. However, the district attorney told the trial court that the state was not ready to proceed to trial because the sheriff's office had not served a subpoena on one of the state's essential witnesses. The state requested a continuance. After hearing the district attorney's explanation and defendant's objection to a continuance, the court ordered that the indictment be dismissed. ORS 136.120.[2] The court further ordered:

"1. Pursuant to ORS 136.130, the indictment is DISMISSED WITH PREJUDICE;

"2. Pursuant to ORS 136.130, the clerk is directed to enter JUDGMENT OF ACQUITTAL forthwith[.]"

A judgment of acquittal thereupon was entered. The state

---

[1] ORS 136.130 provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime *unless the court so directs. If the court does so direct, judgment of acquittal shall be entered.* If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense." (Emphasis added.)

[2] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, *the court shall order the accusatory instrument to be dismissed,* unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained." (Emphasis added.)

appealed pursuant to ORS 138.060(1),[3] arguing that the trial court abused its discretion in dismissing the indictment *with prejudice.*

Defendant moved to dismiss the state's appeal on the ground that an ORS 136.130 "judgment of acquittal" is not "an order made prior to trial dismissing * * * the accusatory instrument," ORS 138.060(1), and that there is no other statutory authority for the state's appeal in this case. The Court of Appeals agreed with defendant and dismissed the state's appeal, reasoning that ORS 136.130 "empowers the trial judge to give a dismissal of a felony * * * charge a double jeopardy effect by entering a *judgment* of acquittal," whether or not jeopardy in the constitutional sense has attached. (Emphasis in original.) *State v. Carrillo, supra,* 101 Or App at 250. We agree with the Court of Appeals' result, but not with its analysis.

The state argues on review that, as used in ORS 136.130 (and in predecessor statutes dating back at least to the 1864 Deady Code), the term "judgment of acquittal" is the functional equivalent of an order made prior to trial dismissing the accusatory instrument on grounds having nothing to do with the merits of the state's case against the accused and on which jeopardy in the constitutional sense has not attached. The state further argues that the fact a dismissal is labeled a "judgment of acquittal" by a statute which has not been substantially altered since 1864 should not be deemed to make that dismissal immune from appeal by the state for an alleged abuse of discretion by a trial judge.[4] Defendant responds that the legislature's use of the term

---

[3] ORS 138.060 provides in part:

"The state may take an appeal from the circuit court * * * to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument[.]"

[4] Although in recent years both the Oregon Rules of Civil Procedure (*e.g.,* ORCP 67A) and this court have distinguished between "judgments" and "orders," "judgment" and "order" have not always been employed in our statutes as mutually exclusive terms. Even today, the Oregon Revised Statutes contain at least three references to "judgment orders." ORS 135.375(6), 137.175 and 161.565(2).

Once again, we admonish trial judges that they should not sign documents entitled "judgment order." See *State v. McDonnell,* 306 Or 579, 585 n 5, 761 P2d 921 (1988) (the phrase "judgment order" is inherently contradictory).

"judgment of acquittal" in ORS 136.130 evidences its intent to give that judgment the same effect as a judgment of acquittal based on insufficient evidence at the close of the state's case. ORS 136.445.[5] The Court of Appeals opinion generally follows defendant's theory. We conclude, however, that this case involves only the state's statutory right to appeal. No constitutional issue is presented here.

When construing a statute, the intent of the legislature is to be pursued if possible. ORS 174.020. The starting point in this process is the language of the statute itself. *Whipple v. Howser,* 291 Or 475, 479, 632 P2d 782 (1981). As the Court of Appeals correctly observed, giving the statutory terms their ordinary technical meanings, under ORS 138.060(1) only an "order" may be the basis for an appeal by the state. There is nothing in ORS 138.060(1) that expressly permits an appeal by the state from a "judgment" in favor of a defendant in a criminal case. We proceed to examine the legislature's statutory objective.

The 1864 Deady Code provided:

"Sec. 149. If, when the indictment is called for trial, the defendant appear for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court must order the indictment to be discharged, unless, being of opinion that the public interests require the indictment to be retained for trial, it direct it to be so retained.

"Sec. 150. If the court order the indictment to be discharged, the order is not a bar to another action for the same crime, unless the court so direct; and if the court so direct, *judgment of acquittal must be entered.*" (Emphasis added.)

Section 227 of the 1864 Deady Code provided for an appeal by the state in a criminal case only:

"1. Upon a judgment for the defendant, on a demurrer to the indictment;

"2. Upon an order of the court, arresting the judgment."

---

[5] ORS 136.445 provides:

"In any criminal action the defendant may, after close of the state's evidence or of all the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same offense."

From those statutes, we conclude that in 1864 a "judgment of acquittal" entered in a criminal case pursuant to section 150 was not appealable by the state pursuant to section 227 because it was neither "a judgment for the defendant, on a demurrer to the indictment" nor "an order of the court, arresting the judgment." ORS 136.130 is the present codification of section 150 of the 1864 Deady Code. We proceed to examine whether the legislature subsequently has given the state a right to appeal from an ORS 136.130 "judgment of acquittal."

No change has been made in the substance of the statute since 1864. ORS 136.130 gives a trial court discretionary authority to *direct* that its ORS 136.120 dismissal order shall be a bar to another action for the same crime, in which case a "judgment of acquittal" shall be entered. ORS 136.130, however, is and always has been silent about the state's right to appeal from a "judgment of acquittal." Clearly, jeopardy in a constitutional sense has not attached during or as a result of any ORS 136.120 to 136.130 pretrial proceedings. *State v. Hattersley,* 294 Or 592, 660 P2d 674 (1983); *State v. Stover,* 271 Or 132, 140-41, 531 P2d 258 (1975); *see* ORS 131.505(5)(b) (jeopardy attaches when jury is impaneled and sworn).

### The State's Right to Appeal

The state's right to appeal in a criminal case is purely statutory. ORS 138.020. Appeals by the state are governed by ORS 138.060. In this case, the state relies on ORS 138.060(1), *i.e.,* the state argues that the trial court's judgment of acquittal in this case is the functional equivalent of "an order made prior to trial dismissing * * * the accusatory instrument." We disagree.

The legislature has amended ORS 138.060 several times since 1864. The statute was amended in 1963 to allow the state to appeal from an order sustaining a plea of former conviction or acquittal. Or Laws 1963, ch 385, § 1. It was amended in 1969 to allow the state to appeal from an order made prior to trial suppressing evidence. Or Laws 1969, ch 529. It was amended in 1971 to allow the state to appeal from an order made prior to trial dismissing the indictment. Or Laws 1971, ch 644, § 1. It was amended in 1973 to allow the

state to appeal from an order made prior to trial for the return or restoration of things seized. Or Laws 1973, ch 836, § 276. Most recently, it was amended in 1989 to allow the state to appeal from a judgment of conviction based on the sentence provided in ORS 138.222. Or Laws 1989, ch 790, § 21a. Additionally, OEC 412(3)(c) (ORS 40.210), enacted in 1981, authorizes the state to appeal from a pretrial order admitting evidence of the past sexual behavior of the victim of a sex offense.

After examining ORS 136.060 from 1864 through its present form, we find no evidence that the legislature has ever authorized the state to appeal a "judgment of acquittal" entered pursuant to ORS 136.130, authority which the state clearly did not have under the relevant statutes in 1864.

The state's argument that a "judgment of acquittal" entered pursuant to ORS 136.130 is the functional equivalent of "an order made prior to trial dismissing * * * the accusatory instrument," ORS 138.060(1), is not well taken. The relevant statutes did not authorize an appeal by the state from a judgment of acquittal entered pursuant to Section 150 of the 1864 Deady Code, and, as noted, no statutory amendment since 1864 has ever specifically authorized an appeal by the state under these circumstances. The phrase "judgment of acquittal" in ORS 136.130 would be superfluous if the legislature intended it to have the same effect as an "order" of dismissal under that same statute. We conclude that the legislature made a conscious policy decision not to allow the state an appeal when a trial court orders the accusatory instrument to be dismissed for the reasons stated in ORS 136.120, directs that the order is a bar to another action for the same crime, and signs a "judgment of acquittal" pursuant to ORS 136.130. If that is no longer viewed as the desirable public policy, the legislature easily may amend ORS 138.060 to authorize such an appeal by the state from a "judgment of acquittal" entered pursuant to ORS 136.130.

We hold that the state may not appeal a "judgment of acquittal" entered pursuant to ORS 136.130 because there is no statutory authority for such an appeal. *See* ORS 138.060.

The decision of the Court of Appeals is affirmed, but on different grounds. The appeal is dismissed.