STATE OF OREGON,
*Appellant,*

*v.*

IBKHEITAN IBKHEITAN,
*Respondent.*

(D900367M, D900369M; CA A64880 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

AWAD SAMIA IBKHEITAN,
*Respondent.*

(D900368M; CA A64881)
(Cases Consolidated)

838 P2d 1091

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Richard F. Alway, Salem, filed the brief for respondent Ibkheitan Ibkheitan. With him on the brief was Winslow, Alway & Craig, Salem.

No appearance by respondent Awad Samia Ibkheitan.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

The state appeals from pretrial judgments of dismissal with prejudice entered pursuant to ORS 136.130. The trial court ruled that the state was barred from prosecuting defendants for selling a counterfeit of a mark. ORS 647.125. We reverse.

Defendants were charged by complaints with violations of ORS 164.865,[1] a class B misdemeanor. The parties reported ready for trial. However, before the case was assigned to a trial judge, the prosecutor informed the court that ORS 164.865 was preempted by federal law and could not be used to prosecute defendants. After discussions with defendants and their counsel, the prosecutor moved to charge defendants under ORS 647.125,[2] a class A misdemeanor. Over defendants' objections, the court arraigned defendants on the new complaints and, on motion of the prosecutor, dismissed the complaints that had been brought under ORS 164.865. Subsequently, defendants filed motions to dismiss the new complaints on the basis of ORS 136.130.[3] The court granted the motions and entered judgments of dismissal.

■ The state argues that the trial court erred in dismissing the complaints, because the term "offense" as used in ORS 136.130, does not mean "criminal episode," but means a

[1] ORS 164.865(2) provides:

"A person commits the crime of unlawful sound recording if the person:

"(a) Reproduces for sale any sound recording without the written consent of the owner of the master recording; or

"(b) Knowingly sells, offers for sale or advertises for sale any sound recording that has been reproduced without the written consent of the owner of the master recording."

[2] ORS 647.125(1) provides:

"A person commits the offense of manufacturing or selling a counterfeit of a mark if the person, without consent of the registrant, manufactures or sells any counterfeit of a mark registered under this chapter or registered under 15 U.S.C. §1052 with knowledge that the mark is counterfeit."

[3] ORS 136.130 provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

criminal charge under a particular statute. Therefore, even though the charges of selling a counterfeit mark were based on the same operative facts as the charges of unlawful sound recording, they are not barred by ORS 136.130. Defendants argue that the term "offense" is to be equated with "conduct" or "criminal episode." Under that reading of the statute, the dismissal of a Class B or C misdemeanor pursuant to ORS 136.120[4] would bar the prosecutor from bringing *any* other charges based on the defendant's conduct that gave rise to the original charges. We review for errors of law. ORS 138.220.

When construing a statute, the intent of the legislature is to be achieved, if possible. ORS 174.020. The starting point is the language of the statute itself. *Whipple v. Howser*, 291 Or 475, 479, 632 P2d 782 (1981). ORS 136.130 provides that an order of dismissal is a bar "to another action for the same offense." For purposes of the criminal code, the term "offense" is defined in ORS 161.505 as

> "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. *An offense is either a crime or a violation or an infraction.*" (Emphasis supplied.)

Inserting the definitional language of ORS 161.505 into ORS 136.130, the statute reads:

> "If the accusatory instrument charges [a crime or a violation or an infraction], other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the *same* [crime or violation or infraction]." (Emphasis supplied.)

When the definition of "offense" is inserted in the place of the word "offense," it becomes apparent that the statute does not bar another prosecution for a different crime arising out of the same criminal episode.

---

[4] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

■      Defendants' argument is identical to the argument rejected in *State v. Stover*, 271 Or 132, 531 P2d 258 (1975), where the defendant relied on ORS 134.140(2) (since renumbered ORS 135.753(2)), which provides:

> "An order for the dismissal of a charge or action * * * is a bar to another prosecution for the same crime if the crime is a misdemeanor."

The defendant argued that the dismissal of a misdemeanor was a bar to any other prosecution arising out of the same transaction. The Supreme Court said:

> "We do not feel the defendant's interpretation of the statute is correct. The defendant confuses the statutory bar against 'another prosecution *for the same crime*' (ORS 134.140(2)) with the constitutional prohibition against placing a defendant in double jeopardy by allowing two trials for crimes arising out of the same transaction. As noted above, the defendant was not placed in jeopardy by the dismissal of the first charge. Thus 'crime' as used in ORS 134.140(2) is not to be interpreted broadly to include all crimes arising out of the same criminal transaction." 271 Or at 141-42. (Emphasis in original.)

Similarly, ORS 136.120 and ORS 136.130 are mechanisms for courts to effectuate the speedy trial provision of Article I, section 10; they are not statutes based on the constitutional prohibition against double jeopardy. *See State v. Williams*, 17 Or App 43, 47, 520 P2d 462 (1974); *see also* ORS 135.560. The trial court erred when it held that the dismissal of the charges of unlawful sound recording barred prosecution of defendants for selling a counterfeit mark under ORS 136.130.[5]

      Reversed and remanded.

---

[5] The dismissal of subsequent charges pursuant to ORS 136.130 requires that the dismissal of the original charges be pursuant to ORS 136.120. *State v. Carrillo*, 311 Or 61, 66, 804 P2d 1161 (1991). Because the parties agree that ORS 136.130 applies to the facts of these cases and argue their positions accordingly, we need not decide whether the charges of unlawful sound recording could be dismissed properly under ORS 136.120 when the prosecutor was ready for trial. *See* ORS 135.755.