Argued and submitted January 27, reversed October 13, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# TROY WAECHTER,
*Appellant.*

## (960263CM; CA A97160)

986 P2d 1281

Robin A. Jones, Deputy Public Defender, argued the cause for appellant. With her on the briefs were Sally L. Avera and David E. Groom, Public Defenders.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

Deits, C. J., dissenting.

## DE MUNIZ, P. J.

Defendant appeals from his conviction for theft of services in the second degree. ORS 164.125. We reverse.

On April 29, 1996, defendant was charged with theft of services by making unauthorized long distance telephone calls on his roommate's telephone. On August 7, 1996, while incarcerated at Eastern Oregon Correctional Institute (EOCI), defendant mailed a speedy trial demand to the court and the district attorney, in accordance with ORS 135.760.[1] The district attorney received the demand on August 13 and filed a motion for an order to transport defendant from EOCI to court for a hearing on September 18. The order was signed by the court on August 22 but defendant was never transported pursuant to that order. On October 22, the district attorney obtained another order to have defendant transported "forthwith." Defendant was transported to court on November 7, at which time he was advised of his right to counsel. On November 12, 1996, the court appointed counsel for defendant, 91 days after the district attorney received his demand letter. Counsel immediately moved to dismiss the charge, pursuant to ORS 135.763 and ORS 135.765,[2] and a hearing on that motion was held on November 14.

---

[1] ORS 135.760 provides:

"(1) Any inmate in the custody of the Department of Corrections or of the supervisory authority of a court pursuant to a commitment under ORS 137.124(2) against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the court in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

[2] ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) The court shall grant any reasonable continuance with the consent of the defendant. Notwithstanding the defendant's lack of consent, the court may grant a continuance on motion of the district attorney or on its own motion, for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

At the hearing, the state moved for a continuance, asserting that it did not know of any reason why defendant was not transported from prison to the courthouse on either of the two occasions that an order had been issued. The trial court denied the motion, holding that a continuance could not be granted after the statutory 90 days had elapsed. The state then asked that the court dismiss the charge without prejudice. Defendant opposed the state's request, arguing that to do so would render the statutes meaningless. The trial court held that it was within its discretion to dismiss with or without prejudice. It then dismissed the case without prejudice for violation of the 90-day rule in ORS 135.763.

The next day, the state refiled the complaint with a new case number. Defendant filed a motion to dismiss and a motion to incorporate the entire record of the previous proceeding. The trial court granted the motion to incorporate the record from the previous proceeding but denied the motion to dismiss. In a bench trial on stipulated facts, defendant was found guilty and sentenced to 12 months' probation, subject to payment of $652.25 in restitution.

Defendant appeals, assigning error to the trial court's denial of his motion to dismiss. He argues that the trial court should have dismissed the case because the dismissal in the first case should have been with prejudice. Defendant contends that ORS 135.765 does not permit a trial court to dismiss a case without prejudice because to do so would nullify the purpose of the statute. Alternatively, defendant argues that the trial court abused its discretion in ordering that the first case be dismissed without prejudice because

---

ORS 135.765 provides:

"(1) On motion of the defendant or the counsel of the defendant, or on its own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763.

"(2) This section shall not apply:

"(a) When failure to bring the inmate to trial within 90 days after the district attorney receives notice under ORS 135.760 was the result of motions filed on behalf of the inmate, or of a grant by the court of a continuance on motion of the district attorney or on its own motion, for good cause shown; or

"(b) When the inmate is unavailable for trial, other than by imprisonment, or because of other pending criminal proceedings against the inmate."

there was not good cause for the delay in bringing him to trial.

At the outset, the state contends that we should not consider defendant's arguments because defendant moved for dismissal "upon the grounds in the attached Affidavit of Counsel." In the attached affidavit, counsel recites that the first case was dismissed for violation of the 90-day rule found in ORS 135.763, that the case was dismissed without prejudice, that counsel requested that the case be dismissed with prejudice, and that, after hearing arguments of counsel, the court declined to dismiss with prejudice. The affidavit concludes: "Defendant makes this affidavit in support of his Motion to Dismiss and respectfully requests that the court reconsider its opinion."

The state argues that "[d]efendant has appealed from a motion seeking reconsideration of a previously denied motion" and that the trial court's denial of that motion without comment "is equally consistent with the court declining to reconsider its previous ruling at all." The state claims that we should not consider defendant's arguments because defendant failed to argue that the trial court abused its discretion in declining to reconsider its earlier ruling. Defendant responds that the motion that he filed was a "motion to dismiss," not a "motion seeking reconsideration," and that the language in the affidavit requesting that the court "reconsider its opinion" was intended simply to acknowledge to the judge that he had addressed the issue before.

Essentially, the state is arguing that defendant may not challenge the judgment in the first case, namely, dismissal without prejudice, on appeal in the second case. However, as defendant points out, and the state concedes, he could not appeal from the initial order of dismissal without prejudice under ORS 138.020 and ORS 138.053. Thus, defendant's first opportunity to challenge that decision was when the state refiled the charges.[3]

---

[3] Defendant claims that he had no right to relief in mandamus on the first order "because he did not yet have an 'injury' to his substantial interests," and the state agrees. We need not resolve that issue because, even if such relief were available to defendant, we do not require that he pursue such an extraordinary remedy.

Defendant's argument that the charge in this case should be dismissed is based on his rights under ORS 135.765, the statute assuring prisoners of a speedy trial. The fact that the exact charge was dismissed, then brought again under a new case number, should not preclude defendant from now arguing that the charge should not be allowed to be brought a second time once the statute has been violated. The state also claims that defendant's argument is not preserved because he failed to argue that he was subjected to former jeopardy. However, defendant's arguments are not based on the constitutional argument of former jeopardy; they are based on the speedy trial statute. Furthermore, defendant is not challenging the integrity of the judgment in the first case; he is not requesting that the order in the original case be vacated and reentered with prejudice. Defendant is merely requesting that the present case be dismissed. Thus, defendant's argument that the original case should have been dismissed with prejudice is grounded firmly in the prisoner speedy trial statute, the basis on which defendant is now seeking dismissal, and is an argument that we believe defendant should be permitted to make.

We turn now to the merits of defendant's arguments. Under ORS 135.760, a person who is imprisoned and against whom there is a charge pending may demand that the state bring the case to trial "forthwith." ORS 135.763 requires the district attorney to bring the prisoner to trial within 90 days of receiving notice of the inmate's demand. If the prisoner is not brought to trial within 90 days, then, either on its own motion or on the prisoner's motion, the court must dismiss the charges pursuant to ORS 135.765. The only circumstances in which dismissal is not required are when failure to bring the prisoner to trial within 90 days is a result of motions filed on behalf of the prisoner, where continuance for good cause is allowed, or when the prisoner is unavailable for trial for reasons other than the imprisonment. ORS 136.765 is silent as to whether dismissal shall be with or without prejudice and whether that decision is within the discretion of the court. Accordingly, we must determine what the legislature intended. *See PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993) (outlining methodology for interpreting a statute).

Defendant contends that dismissal under ORS 135.765 must be with prejudice and that it is not within the trial court's discretion to dismiss with or without prejudice. He points out that the statute expressly provides limited exceptions to the dismissal requirement, claiming that that demonstrates that the legislature did not intend to allow the court any discretion to create other reasons to deny dismissal. Defendant then argues that, unless the statute of limitations has run, granting dismissal without prejudice has precisely the same effect as denying dismissal because the state can simply refile the case the next day, as it did here. Thus, to allow dismissal without prejudice would render the statute a nullity.

■ We begin by noting that, although we have not specifically held that a dismissal under these circumstances is a dismissal with prejudice, at least three of our previous decisions strongly suggest that a dismissal of a criminal charge pursuant to ORS 135.760 *et seq.* is a bar to further prosecution of that charge. In *State v. Kent*, 5 Or App 297, 484 P2d 1109 (1971), the defendant was indicted on charges of inducement of a child into a conveyance with the intent to commit a sex offense, sodomy, and contributing to the delinquency of a minor. He filed a speedy trial request under *former* ORS 134.510 *et seq.* (renumbered ORS 135.760 *et seq.*), on October 6, 1969. A second indictment with the same file number, listing the first two charges, but omitting the charge of contributing to the delinquency of a minor (because the underlying statute had been declared unconstitutional), was returned on December 19, 1969. On January 5, 1970, more than 90 days after his speedy trial request, the defendant filed a motion to dismiss under *former* ORS 134.520(1). The trial court denied the motion, and the defendant was convicted on the first two counts. On appeal, the state argued that reindictment of the defendant on December 19 started the 90-day period running anew. However, after noting that reindictment was not necessary because the contributing charge could have been eliminated with a motion to dismiss the third count, we reversed, holding that "[t]he state may not evade the purpose of ORS 134.510 *et seq.*, by a process of re-indictment and dismissal." *Kent*, 5 Or App at 300.

We reiterated that holding in *State v. Gilliland*, 90 Or App 477, 752 P2d 1255 (1988). There, an information of

felony was filed against the defendant in district court on January 20, 1986. He mailed a speedy trial request on February 19. No proceedings were held on the charge in district court, and, on March 17, the grand jury indicted him on the same charge. The felony information pending in district court was dismissed later the same day. Trial was scheduled for August 19, and the defendant filed a motion to dismiss on the grounds that he was not brought to trial within the specified 90 days under ORS 135.763(1). The trial court denied the motion, and the defendant was convicted. On appeal, the state argued that the defendant's speedy trial notice applied only to the felony information because that was the only charge pending at the time that he filed his request and that, by dismissing the felony information, the defendant's 90-day request was resolved. On that ground, the state concluded that there was no time limit for bringing the defendant to trial on the indictment. We reversed, stating that "[t]he purpose of ORS 135.760 *et seq.* is to get an inmate to trial on an outstanding charge forthwith" and held that "[t]he obligation is to bring the inmate to trial on the pending *charge*, it does not relate solely to the status of a pending accusatory instrument." *Gilliland*, 90 Or App at 483 (emphasis in original). We clarified that holding in *State v. Easton*, 103 Or App 184, 188, 797 P2d 373 (1990), stating:

> "The basis for our decision in *Gilliland* was that, once a defendant has requested a speedy trial *on charges in an information, indictment or criminal complaint*, the state cannot avoid its obligation under ORS 135.760 *et seq.* by dismissing one accusatory instrument and replacing it with another." (Emphasis in original.)

These three cases make it clear that a prisoner's right to a speedy trial within 90 days of when the district attorney receives a request under ORS 135.760 *et seq.* applies to a particular *charge*, independent of the particular accusatory instrument under which that charge is initially brought, and that the state cannot avoid its obligation by a process of dismissal and reindictment.[4] Under *Kent* and *Gilliland*, the

---

[4] We note that, in *State v. Easton*, 103 Or App 184, 797 P2d 373 (1990), when the defendant's speedy trial request arrived *after* the initial felony information had been dismissed, but *before* an indictment on those charges had been issued, we held that the trial court erred in dismissing the case because a defendant cannot trigger the provisions of ORS 135.760 *et seq.* by requesting an early trial on charges when *no* accusatory instrument exists. That is not inconsistent with our position here

state cannot *avoid* its obligation to bring a prisoner to trial by voluntary dismissal and reindictment. In short, reindictment cannot cure the speedy trial problem. The question is whether involuntary dismissal under the statutes ought to bar the state from further prosecution, *i.e.*, whether the dismissal under ORS 135.760 *et seq.* is necessarily a dismissal with prejudice. As the state points out, neither *Kent* nor *Gilliland* expressly decided that issue, and both cases were decided before *PGE* established our current methodological approach to statutory construction. We therefore agree with the state that a determination of the legislature's intended use of the word "dismiss" in ORS 135.765 requires us to employ the *PGE* methodology.

Under the *PGE* methodology, we must first examine the text and context of a statute because the wording of a statute "is the best evidence of the legislature's intent." 317 Or at 610. The context of a statute relevant at the first level of analysis may include other provisions of the same statute and related statutes, *id.* at 610-11, prior enactments and prior judicial interpretations of that statute and related statutes, *Owens v. Maass*, 323 Or 430, 435, 918 P2d 808 (1996), and historical context of the relevant enactments. *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 322 Or 406, 415, 908 P2d 300 (1995), *on recons* 325 Or 46, 932 P2d 1141 (1997). Only if the intent of the legislature is not clear from the first level of analysis may legislative history be considered. *PGE*, 317 Or at 611. If the legislative history fails to yield an unambiguous result, then consideration may be given to pertinent maxims of construction. *Id.* at 612.

Examination of the text of ORS 135.765 reveals only that the court "shall dismiss," subject to certain exceptions, "any criminal proceeding not brought to trial in accordance with ORS 135.763" (the 90-day rule). As to the plain meaning of that text, the state argues that, because the words "with prejudice" are notably absent from the text of ORS

because, when the state dismissed the felony information in *Easton*, the defendant had not yet invoked his speedy trial rights under ORS 135.760 *et seq.*; therefore, the state was not under any statutory obligation at that time. Once the charges were dismissed, the defendant had to wait until an accusatory instrument was pending against him to invoke his rights under ORS 135.760 *et seq.*

137.765(1), interpreting the statute to require that a dismissal be with prejudice would require that we insert the words "with prejudice" into the statute, in violation of ORS 174.010 (in construing a statute, a court may not insert what has been omitted or omit was has been inserted). We do not agree that the answer is as straightforward as the state posits. The common meaning of the word "dismissal" in a judicial context can include either dismissal with or without prejudice. *Black's Law Dictionary*, 482 (7th ed 1999). Thus, a dismissal unaccompanied by the words "with prejudice" can nevertheless be used to mean that that case is permanently removed from consideration.

As to the context of the statute, the state makes two arguments. First, the state argues that "pretrial dismissals of criminal cases are governed generally by ORS 136.130" and that, with regard to Class A misdemeanors like this case, the court has discretion to dismiss a case with or without prejudice. ORS 136.130 provides:

> "If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

In *State v. Ibkheitan*, 115 Or App 415, 419 n 5, 838 P2d 1091 (1992), we noted that "[t]he dismissal of subsequent charges pursuant to ORS 136.130 *requires that the dismissal of the original charges be pursuant to ORS 136.120," citing State v. Carrillo*, 311 Or 61, 66, 804 P2d 1161 (1991) (emphasis added). ORS 136.130 is not directly applicable to a prisoner's right to a speedy trial. Rather, that statute applies specifically to cases that are dismissed because the district attorney is not ready to proceed on the appointed trial date and has not demonstrated to the court "any sufficient cause for postponing the trial." ORS 136.120.

Second, the state argues that the language of the Interstate Agreement on Detainers (IAD), ORS 135.775 through ORS 135.793, provides appropriate context and

supports its position. The state argues that, because the IAD includes the language "with prejudice" under the provision providing for dismissal when a prisoner is not brought to trial within the specified time, that indicates that the legislature knows how to include such language if it so desires.[5] Defendant makes two points in response to that argument. The first is that the IAD was adopted 14 years after *former* ORS 134.510 *et seq.* was originally enacted. Therefore, the legislature could not have been aware of any language contained in it when drafting *former* ORS 134.510 *et seq.*, and it cannot now serve as context for interpreting ORS 135.760 *et seq.* The second point is that the IAD is a model statute that the Oregon Legislature adopted in its entirety. The absence of the specific language "with prejudice" from ORS 135.760 *et seq.* and its inclusion in the IAD does not indicate that the legislature intended the effect of ORS 135.760 *et seq.* to be otherwise. As defendant points out, the IAD is a very similar statute that serves the same purpose as ORS 135.760 *et seq.*; therefore, it should have the same effect.[6]

In our view, consideration of the text and context fail to provide a clear answer with regard to the legislature's intended meaning of the word dismiss. It is therefore appropriate to consider legislative history. *See PGE*, 317 Or at 611-12. What legislative history that does exist was summarized by Justice Van Hoomissen in his dissent in *State v. Person*, 316 Or 585, 853 P2d 813 (1993). He described the legislative history relevant to ORS 135.765 as follows:

> "The 1955 Senate and House Journal shows that the legislation was sponsored by Senator Francis at the request of

---

[5] Article IV of the IAD provides, in part:

"(e) If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to paragraph (e) of Article V of this agreement, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same *with prejudice*." ORS 135.775 (emphasis added).

[6] On a similar note, the parties have directed us to an Oregon Supreme Court case that indicates in *dictum* that *former* ORS 134.510 *et seq.* "appears to have been patterned after a similar statute of California." *State v. Vawter*, 236 Or 85, 89, 386 P2d 915 (1963). We do not consider that passing reference to the statute in *Vawter* as a sufficient basis to refer to or rely on the California court's interpretation of a similarly worded statute.

the State Board of Parole and Probation. The original bill file contains only one version of SB 412, showing no alterations during the session. *See State v. Gardner*, 233 Or 252, 260-61, 377 P2d 919 (1963) ('neither is there available any legislative history which might throw light on the purpose intended to be accomplished by the enactment of [*former* ORS 134.510 to 134-530']; *State v. Person, supra*, 113 Or App at 46 (Edmonds, J., dissenting) (discussing legislative history of statute). The only mention of SB 412 in the minutes of the Senate Judiciary Committee is the following: 'Senator McMinimee moved that SB 412 be reported out do pass. Senator Johnson seconded the motion which carried unanimously. (Senator Francis) to take on floor of Senate.)' Minutes, Senate Judiciary Committee, April 2, 1955. The House Judiciary Committee minutes, quoted in part in Judge Edmonds' dissent in the Court of Appeals, state:

" 'Senate Bill 412

" 'Senator Francis spoke on this bill which makes provisions for prosecution of person imprisoned for crimes who are charged with the commission of other crimes. The inmate could request the District Attorney to make prosecution for such other crimes so that upon parole he will have a clean record. Sen. Francis stated the Parole Board felt this would be helpful to persons being released from a correctional institution. Rep. Overhulse moved the bill "do pass," which motion carried.' Minutes, House Judiciary Committee, April 18, 1955.' " *Person*, 316 Or at 602-03 (Van Hoomissen, J., dissenting) (footnote omitted).

Although not extensive, the legislative history does make it clear that the legislature intended that ORS 135.760 *et seq.* afford prisoners the ability to clean up any pending charges as part of the reformative process and to allow the prisoner when deemed eligible for parole to begin parole unencumbered by pending criminal charges. To permit a prisoner's case to be dismissed only to be activated again after the prisoner has been placed on parole would seem to be directly contrary to the reformative and disentanglement purpose of the statute.[7]

---

[7] The state also argues that dismissal without prejudice is an adequate remedy for the state's violation of the 90-day rule of ORS 135.760 *et seq.*, listing numerous

■ In summary, our previous cases indicate that dismissal followed by recharging of the same offense does not "reset the clock" on the 90-day speedy trial provisions of ORS 135.760. Nothing in the text, context or legislative history of that statute casts any doubt on our previous cases. Because dismissal and recharge cannot cure the speedy trial problem, any new charge is subject to dismissal on exactly the same ground that the original charge was dismissed. Regardless of the fact that the legislature did not use the words "with prejudice" in the statute, a dismissal under circumstances where any new charge would be subject to dismissal on the same grounds as the previous dismissal is necessarily a dismissal "with prejudice."

Reversed.

**DEITS, C. J.,** dissenting.

I agree with the majority that defendant is not foreclosed from raising the question of whether ORS 135.765 required the dismissal of the earlier complaint to be "with prejudice" and therefore bars the present prosecution. However, I do not agree with the majority's answer to that question.

ORS 135.765 contains no express provision as to whether the dismissals that it requires are to be with prejudice, or without prejudice, or subject to the discretion of the court. The majority concludes that the text and context of the statute are inconclusive, but that the legislative history and earlier case law indicate that a dismissal under the statute must be with prejudice.

---

possibilities as to why a defendant might not have to defend against the same charges again. These include: (1) the statute of limitations may have run; (2) the state must go to a certain amount of effort to recharge a defendant, especially when a felony that requires a grand jury indictment, is involved; (3) constitutional speedy trial protections and ethical considerations may prevent reprosecution; and (4) the defendant may be released from custody before the charges are refiled. We agree that all of these factors could prevent the state from refiling charges in a specific case. However, given the policy and purpose of the statute, we do not see how the legislature could have intended a prisoner's remedy for violation of the 90-day rule to rest on either prosecutorial discretion, or other existing remedies, such as constitutional speedy trial guarantees. Conversely, to the extent that the state cannot proceed within 90 days, it is not without statutory remedies. It can, "for good cause shown," ORS 135.763, secure a continuance. It cannot, however, unilaterally dismiss without prejudice.

I do not find the legislative history that the majority describes to be instructive. It is sparse and, insofar as it contains any substance at all, the majority makes a sizeable leap in concluding that the dismissal of a pending charge against an *inmate* must be with prejudice in order to effectuate the intent that the inmate will have a "clean record" *after released,* whenever that might occur. In any event, because I think the meaning of the statutory term is ascertainable from the text and context, the legislative history is irrelevant under the rubric of *PGE v. Bureau of Labor and Industries,* 317 Or 606, 859 P2d 1143 (1993).

I agree with the majority that the word "dismissal," in itself, can refer to either a temporary or permanent inactivation (or both). In my view, however, the statutory context is far more instructive than the majority regards it to be. ORS 136.130 provides, in relevant part:

> "If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs."

In other words, a dismissal of a felony or Class A misdemeanor charge under ORS 136.130 is without prejudice unless the court directs otherwise.

However, the majority does not regard ORS 136.130 to be analogous to ORS 135.765. It explains:

> "In *State v. Ibkheitan,* 115 Or App 415, 419 n 5, 838 P2d 1091 (1992), we noted that '[t]he dismissal of subsequent charges pursuant to ORS 136.130 *requires that the dismissal of the original charges be pursuant to ORS 136.120,'* citing *State v. Carrillo,* 311 Or 61, 66, 804 P2d 1161 (1991) (emphasis added). ORS 136.130 is not directly applicable to a prisoner's right to a speedy trial. Rather, that statute applies specifically to cases that are dismissed because the district attorney is not ready to proceed on the appointed trial date and has not demonstrated to the court 'any sufficient cause for postponing the trial.' ORS 136.120." 163 Or App at 291.

It is correct that ORS 136.130 applies directly only to dismissals that are required by ORS 136.120. However, I do not agree with the majority that ORS 136.120 and ORS

136.130 are not concerned with speedy trial rights or, therefore, that they are not analogous to ORS 135.765, the statute involved in this case. In *State v. Ibkheitan*, the case on which the majority relies, we indicated that the opposite was so, stating that "ORS 136.120 and ORS 136.130 are mechanisms for courts to effectuate the speedy trial provisions of Article I, section 10 [of the Oregon Constitution.]" 115 Or App at 419. Given the similarity of the purposes of the statutes and of the remedies they provide, no reason occurs to me why the unmodified word "dismiss" in ORS 135.765 should contemplate the opposite of what it means in the relevant part of ORS 136.130, *i.e.*, a dismissal that is without prejudice unless the court affirmatively directs otherwise.

Given the similarities between ORS 136.130 and ORS 135.765, I find it unnecessary to seek additional "contextual" insight in the Interstate Agreement on Detainers (IAD). I nevertheless note that the majority's use of the IAD is somewhat perplexing. It dismisses the fact that the IAD dismissal provision expressly uses the term "with prejudice," while ORS 135.765 does not, because the IAD was the later enacted statute "and it cannot now serve as context for interpreting ORS 135.760 *et seq*." 163 Or App at 292. The majority nevertheless reasons that the IAD *does* provide a basis for concluding that ORS 135.765 should be interpreted, consonantly with the IAD, as implicitly containing the phrase "with prejudice," because "the IAD is a very similar statute that serves the same purpose as ORS 135.760 *et seq*.; therefore, it should have the same effect." *Id*. (footnote omitted). It would appear that the majority understands "context," in the *PGE* sense, to be very much where one chooses to find it.

I do not believe that the case law the majority cites, beginning with *State v. Kent*, 5 Or App 297, 484 P2d 1109 (1971), and continuing through *State v. Easton*, 103 Or App 184, 797 P2d 373 (1990), is on point. Those cases stand for the proposition that the state cannot frustrate the process under ORS 135.760 *et seq*. by unilaterally substituting a new accusatory instrument for the stale one after receiving a speedy trial request. In my view, they do not stand for the proposition that, after *that* process has culminated in a dismissal

pursuant to ORS 135.765, the dismissal necessarily precludes a *new* prosecution.

For the foregoing reasons, I respectfully dissent.