795

Submitted on record and briefs August 26,
reversed and remanded for trial October 13, 1980

## STATE OF OREGON,
*Appellant,*

*v.*

## JAMES LEROY FANNIN,
*Respondent.*

(Nos. 54306, 54307 and 54308, CA 17454)

617 P2d 953

James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for appellant.

Paul H. Kuebrich, Albany, filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Defendant was charged, in the circuit court for Linn County, with three acts of burglary in the second degree, in violation of ORS 164.215. Prior to trial, he moved to dismiss the indictments on the ground that he had not been brought to trial thereon within the 90 days prescribed by ORS 135.760 to 135.765,[1] the statutes governing speedy prosecution of inmates in the custody of the Corrections Division. The trial court allowed the motion. The state appeals. We reverse.

On March 9, 1979, defendant was indicted on three charges of burglary. Defendant was then serving time in the Oregon State Penitentiary. On August 8, 1979, he sent the Linn County District Attorney a request for a speedy trial pursuant to ORS 135.760. The district attorney's office received this notice on August 10, and a trial date of October 8 was set by the circuit court.

---

[1] ORS 135.760 provides in part:

"(1) Any inmate in the custody of the Corrections Division against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging him with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring him to trial on the charge forthwith.

"* * * * *"

ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

ORS 135.765 provides:

"On motion of the defendant or his counsel, or on his own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

On September 12, defendant's counsel filed a motion seeking a psychiatric examination. In his motion, defendant specifically requested a continuance of the trial until the conclusion of the examination and receipt of the examiner's report. On October 23, an order was signed granting the continuance and providing that defendant was to be committed to the Mental Health Division for a period not to exceed 30 days. The examiner's report was received by the circuit court and counsel on January 8, 1980. Defendant then filed a motion to dismiss on February 19, claiming that he had not been brought to trial within 90 days as prescribed by ORS 135.763, *supra.*

■ ■  ORS 135.763 specifies situations in which a continuance may be granted, including consent of the inmate. The statute thus contemplates cases in which ' delay in bringing an accused to trial might be justified. *Bevel v. Gladden,* 232 Or 578, 583, 376 P2d 117 (1962). In these situations the accused is not automatically entitled to dismissal of the indictment on the expiration of the 90 day period. The accused is not, for example, entitled to a dismissal when the delay is of his own making. *Cf. State v. Harrison,* 253 Or 489, 455 P2d 613 (1969), and *State v. Hedrick,* 233 Or 137, 377 P2d 325 (1962).

■  In this case, delay resulted when defendant made a motion for psychiatric examination and a continuance. The court granted the motion pursuant to ORS 161.365[2] and accordingly ordered the defendant committed to the state hospital for a period not to exceed 30 days. However, despite this order defendant was never committed. Due to a backlog the state

---

[2] ORS 161.365 provides in part:

"(1) Whenever the court has reason to doubt the defendant's fitness to proceed by reason of incompetence as defined in ORS 161.360, the court may call to its assistance in reaching its decision any witness and may appoint a psychiatrist to examine the defendant and advise the court.

"(2) If the court determines the assistance of a psychiatrist would be helpful, the court may order the defendant to be committed to a state mental hospital designated by the Mental Health Division for the purpose of an examination for a period not exceeding 30 days. * * *"

hospital could not immediately receive him. Instead, he was transported back to the penitentiary to await an opening and, as it turns out, was examined there by a psychiatrist during the month of December, 1979,

Defendant argues that he is only responsible for the delay which occurred up until the end of the 30 day period which was to have been the limit on his stay at the state hospital. This was 81 days. The total time which elapsed between the date on which the district attorney received defendant's request for a speedy trial and the date on which he filed his motion to dismiss was 193 days. Defendant thus contends that the state was accountable for a total of more than 90 days' delay by the time he filed his motion to dismiss.

We are not persuaded by this argument. At the time defendant moved for the continuance, the state had already set a trial date well within the 90 day limit. Defendant, on his own initiative, requested the continuance and specifically asked that it run until the examiner's report was received. This request was granted. The order did not require the examiner's report to be filed within 30 days; rather, it merely limited the time during which defendant could be examined at the state hospital, as required by statute. The state did not in any way evade the purpose of ORS 135.760 *et seq. Cf. State v. Kent,* 5 Or App 297, 484 P2d 1109 (1971).

Reversed and remanded for trial.