Argued and submitted December 29, 1986, reversed and remanded with instructions March 18, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN WILLIAM WHILEY,
*Appellant.*

(85-1109; CA A39711)

734 P2d 8

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals from a judgment of conviction for carrying a concealed weapon, ORS 166.240, and being an ex-convict in possession of a weapon. ORS 166.270.[1] He contends that the trial court erred in denying his motion to dismiss the charges against him, because the state failed to bring him to trial within 90 days of his request for a trial, as required by ORS 135.763. We reverse.

At the time of his arraignment on August 6, 1985, defendant was incarcerated at the Oregon State Penitentiary. On August 20, he gave written notice to the district attorney of Tillamook County, pursuant to ORS 135.760 and ORS 135.763, of his demand for a trial within 90 days. On November 18, 90 days after service on the district attorney, defendant filed a motion to dismiss for failure to bring him to trial within 90 days. On November 20, a hearing was held on the motion. The state represented to the court that

"when the State realized that the ninety days was close at hand, we notified the docket clerk * * *. She called [defense counsel] * * * and suggested a time for trial at the end of last week at which time [defense counsel] said that he was not able to prepare, so the date of the 21st and 22nd was selected."

Defense counsel agreed that he had been contacted by the docket clerk on November 13 and asked if he was able to try the case on November 15. Defense counsel asserted:

"I said we would be agreeable to that date, but I felt there was a problem with at least adequate notice regarding the trial, but I did not say we were—would be unwilling or unable to conduct a trial on the 15th."

The trial court denied the motion to dismiss, noting that there had been some delays not attributable to the state and that the docket clerk had attempted to schedule the trial within the 90 days but that defense counsel's objection to short notice had prevented timely setting of the trial:

"[T]he problem with that is they give you ninety days to do it and then when the Court tries to set it within the ninety days, the Defense, in effect, can—if you are not careful, can shorten it up to eighty-five by saying, 'Well, you didn't give us

---

[1] The court merged the convictions for purposes of sentencing.

the notice,' and so then when the clerk gives you a little more notice, then you are outside the ninety days, and if you automatically have to dismiss, then [ORS] 135.763(2) regarding the, '* * * may grant a continuance for good cause shown * * *' means nothing and I think it does mean something and I think that where you have the—if the court could grant a continuance on a motion, it seems to me that to set a trial within two days of the ninety days under the docketing constraints and the budget problems we have had in this county is not unreasonable, so I am going to deny the motion."

The court then granted a continuance of the November 21 and 22 trial dates to the state, because of the unavailability of one of its key witnesses.

ORS 135.763 governs speedy prosecution of inmates in the custody of the Corrections Division. It provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, *shall,* within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection." (Emphasis supplied.)

The parties stipulated that the 90-day period expired on November 18, 1985. The district attorney did not request a continuance before that date.

The state argues that the 90-day time limit was tolled, because defense counsel had said that he felt that a two-day notice of a November 15 trial was inadequate. As the state's brief admits, however, defense counsel was, in fact, agreeable to that trial date. His complaint to the docket clerk that he felt there was a problem with adequate notice was not a request for a continuance that would toll the running of the statutory time limit.

The mandate of the statute is clear. Because the state did not request a continuance and defendant consented to

none and did nothing to toll the running of the period,[2] the court erred by denying defendant's motion to dismiss. ORS 135.765.[3]

Reversed and remanded with instructions to dismiss the charges.[4]

---

[2] *Cf. State v. Fannin,* 48 Or App 795, 617 P2d 953 (1980) (accused is not entitled to dismissal when delay is of own making).

[3] ORS 135.765 provides:

"On motion of the defendant or the counsel of the defendant, or on the own motion of the court, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

[4] Because we hold that defendant's motion to dismiss should have been granted, it follows that the court erred in granting the state a continuance after the time limit for bringing defendant to trial had expired.