Argued and submitted February 27, affirmed June 5, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES RICHARD FOSTER, JR.,
*Appellant.*

(88-694; CA A63119)

812 P2d 440

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were David B. Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The issue in this case is whether the Interstate Agreement on Detainers (IAD), ORS 135.775, applies to a Washington inmate who requested that he be brought to trial within 180 days on charges pending against him in Oregon but was parolled before the end of the period. IAD provides, among other things, a means by which a prisoner in one state may secure trial on charges that have been lodged against him in another state.[1] The relevant portion, Article III(a), provides:

> "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the prisoner shall be brought to trial within 180 days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court [written notice of the request]."

While serving time in a Washington correctional facility, defendant submitted an IAD request for a trial in Clackamas County on a pending charge of unauthorized use of a motor vehicle. The request was received by the Clackamas County district attorney on January 3, 1989. On March 24, 1989, defendant was released on parole. He was immediately incarcerated in a series of county jails in Washington to serve sentences for various offenses that he had committed in those counties. On April 18, 1989, he was transferred to Oregon, where he also served time in a number of county jails. The 180-day period expired on July 3, 1989.[2] On August 17, 1989, defendant was arraigned in Clackamas County. He moved to dismiss the indictment on the ground

---

[1] IAD is "concerned that a sentenced prisoner who has entered into the life of the institution to which he has been committed for a term of imprisonment not have programs of treatment and rehabilitation obstructed by numerous absences in connection with successive proceedings relating to pending charges in another jurisdiction." *United States v. Roberts,* 548 F2d 665, 670-71 (6th Cir), *cert den* 431 US 931 (1977).

[2] On August 1, 1989, defendant requested disposition of the Clackamas County charges under ORS 135.760. Under the provisions of that statute, the county was required to bring defendant to trial within 90 days. That deadline would have expired October 30, 1989. The trial began on October 10, 1989.

that Clackamas County had not complied with IAD. The trial court denied the motion, and defendant was convicted of unauthorized use of a motor vehicle. ORS 164.135.

Defendant contends that his motion to dismiss should have been granted, because he was not returned to Clackamas County for trial within 180 days of his request. He argues that, although he had been released on parole, he "was under the supervision of the State of Washington during this time period, and was in fact incarcerated in various county jails [and, therefore,] should still be considered as serving his term of imprisonment as required by Article III(a)."

We find no authority for defendant's assertion that several jail terms, served in different jurisdictions, constitute a single term of imprisonment for purposes of IAD. The statute applies to persons serving a "term," not multiple "terms," of imprisonment. When defendant was released on parole, the relevant term of imprisonment ended. *See United States v. Roy,* 830 F2d 628, 633 (7th Cir 1987), *cert den* 484 US 1068 (1988). Expiration of the 180 days did not occur "during the continuance of [that] term of imprisonment." ORS 135.775; Art III(a).

Affirmed.