Argued and submitted November 7, 1991, resubmitted in banc April 15, reversed May 13, reconsideration denied August 12, petition for review allowed October 27, 1992 (314 Or 573)

# STATE OF OREGON,
*Respondent,*

*v.*

# GERALD OSCAR PERSON,
*Appellant.*

(89102773; CA A67862)

831 P2d 700

Clark S. Wiles, Corvallis, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

WARREN, J.

Edmonds, J., dissenting.

## WARREN, J.

Defendant appeals from his convictions, assigning as error the trial court's denial of his motion to dismiss for failure to bring him to trial within 90 days after the date on which he gave notice to the district attorney pursuant to ORS 135.760. We reverse.

Defendant was indicted on October 31, 1989. Subsequently, because of a conviction in an unrelated case, he became an inmate in the custody of the Department of Corrections. On January 30, 1990, he sent the Linn County District Attorney a request for a speedy trial pursuant to ORS 135.760. The trial was set for April 11, 1990.

On March 26, 1990, the court permitted defendant's counsel to withdraw and appointed substitute counsel. The next day, the court notified the new counsel that the April 11 trial date would be reset. On June 25, 1990, more than 90 days after the district attorney received defendant's early trial notice, defendant moved to dismiss the indictment pursuant to ORS 135.765. The court denied the motion, and defendant was convicted.

■ ORS 135.760(1) permits an inmate against whom an indictment is pending to demand to be brought to trial. ORS 135.763(1).[1] If the district attorney fails to comply with that request within 90 days, the criminal proceeding must be dismissed, unless a continuance is granted pursuant to ORS 135.763(2).[2] ORS 135.765;[3] *State v. Clarkson*, 87 Or App 342,

---

[1] ORS 135.760(1) provides:

"Any inmate in the custody of the Department of Corrections against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith."

ORS 135.763(1) provides:

"The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge."

[2] ORS 135.763(2) provides:

"A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the

344, 742 P2d 657 (1987). A court cannot grant a continuance pursuant to ORS 135.763(2) unless the defendant consents or the state requests one, for good cause shown. *State v. Guest*, 103 Or App 594, 598, 798 P2d 708 (1990), *rev den* 311 Or 187 (1991); *State v. Clarkson, supra*, 87 Or App at 345.

■        Neither the district attorney nor the defendant requested a continuance. Therefore, under the express terms of ORS 163.763(2), the court did not have the authority to deny defendant's motion to dismiss and permit the case to go to trial. Nevertheless, the state asks us to read a "good cause" exception into ORS 135.763(2): It argues that it is irrelevant whether defendant or the district attorney requested a continuance, provided good cause existed when the case was continued.[4] We disagree.

ORS 135.763(1) imposes an affirmative duty on the district attorney to bring an inmate to trial. *State v. Gilliland*, 90 Or App 477, 480, 752 P2d 1255 (1988). We have said:

> "It is not the responsibility of a court to bring criminal matters to trial; that is the duty of the district attorney. If a case is not timely prosecuted, a court may respond by dismissal or other sanction, but it cannot proceed with the prosecution of the case. The notice under ORS 135.760 is not a motion for an early trial addressed to the court, it is a notice to the prosecutor that the inmate wishes trial within the statutory period." 90 Or App at 481.

The legislature imposed that duty, in part, because it recognized that "the progression of a criminal prosecution is largely in control of the state." 90 Or App at 481. By asking us to read a "good cause" exception into ORS 135.763(2), the state seeks to abdicate its responsibility to control criminal prosecutions.

---

district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

[3] ORS 135.765 provides:

"On motion of the defendant or the counsel of the defendant, or on the own motion of the court, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

[4] The court found good cause for the unrequested continuance on the basis of the late substitution of counsel. Because of our disposition of this matter, we do not decide whether that finding was correct.

In *State v. Whiley*, 84 Or App 385, 389, 734 P2d 8 (1987), the defendant inmate requested a speedy trial pursuant to ORS 135.760 and ORS 135.763. Five days before the 90-day time limit of ORS 135.763 expired, the trial court docket clerk contacted the defendant's counsel to determine if he would be ready for trial in two days. He indicated that he would have some trouble preparing for trial on such short notice, but did not say that he was unwilling to proceed on that date. The clerk then set the trial for a date beyond the 90-day limit. After the 90-day limit expired, the defendant moved to dismiss. The court denied that motion, because it found good cause for the continuance. We reversed, because neither the defendant nor the state requested the continuance, as required by ORS 135.763(2). 84 Or App at 388.

Although we did not expressly so state, the same rationale that guided our decision in *State v. Gilliland, supra*, guided our decision in *State v. Whiley, supra*. The state cannot abdicate its responsibility to control a prosecution. It must take affirmative action to bring a defendant to trial within 90 days, request a continuance for good cause or suffer a dismissal under ORS 135.765.

The facts of this case are not distinguishable from those in *State v. Whiley, supra*, in any meaningful respect. We adhere to that decision.[5] Accordingly, the court erred in denying defendant's motion to dismiss.

Reversed.

**EDMONDS, J.,** dissenting.

Even though the state was ready to go to trial on April 11, 1990, the majority penalizes it by dismissing the indictment because of defendant's inability to be ready for trial by that date. That holding constitutes an absurd construction of ORS 135.763. This court should overrule *State v.*

---

[5] The dissent would hold that, if the state is prepared to present its case within the period mandated by ORS 135.763(1), the district attorney has discharged its duty to "bring the inmate to trial" and need not move for a continuance to avoid a dismissal under ORS 135.765. For that to be the law, we would have to ignore the plain language of the statute and overrule *State v. Whiley, supra*, and *State v. Gilliland, supra*. We are unwilling to ignore *stare decisis* to engage in such a blatant rewriting of the statute.

*Whiley*, 84 Or App 385, 734 P2d 8 (1987), and construe the statute to comport with common sense.

On March 26, 1990, the trial court allowed defendant's appointed counsel to withdraw and appointed new counsel. When new counsel was appointed, a member of the court staff took the trial off the court docket and noted that the "trial needs to be reset." That action occurred despite the district attorney's communication with the court that the April 11 trial date needed to remain in effect, because of the ORS 135.763(1) 90-day time limit. At the hearing on the motion to dismiss the indictment, the trial court found that neither the district attorney nor the defendant had requested a continuance. In its order denying defendant's motion to dismiss, it said:

> "If there is any fault in this case not going to trial on April 11[,] it is with Mr. Hickam [the first appointed counsel], Mr. Willes [the second appointed counsel], and the Court staff.
>
> "* * * * *
>
> "The Court finds there was no fault by the State of Oregon and the District Attorney's Office regarding the trial not being conducted on April 11, 1990.
>
> "This change in the scheduled trial date from April 11, 1990, was created by ethical conflicts with Mr. Hickam and an essential State's witness Mr. Michael Hendricks, which matter was called to the attention of Mr. Hickam by the Deputy District Attorney assigned to this case."

The majority relies on *State v. Gilliland*, 90 Or App 477, 752 P2d 1255 (1988), to support its decision. However, this case, unlike *Gilliland*, does not concern a district attorney's failure to respond in a timely request for trial under ORS 135.760. Rather, it concerns the failure to commence a trial within the 90-day period mandated by ORS 135.763(1), even though the district attorney was ready to go to trial within the statutory period.

In construing ORS 135.763, our task is to discern the legislature's intent. ORS 174.020. We begin by examining the statutory language. *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 185, 818 P2d 1270 (1991). ORS 135.763 provides:

> "(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of

receipt of the notice, bring the inmate to trial upon the pending charge.

"(2)  A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

Reading that statute to require the district attorney to move for a continuance even though the state is prepared to proceed to trial within the 90-day period produces an absurd result, because district attorneys have no direct control over court docketing. *See* ORS 1.010; ORS 8.630;[1] UTCR 7.010; *see also* ORS 1.175; UTCR 6.030; UTCR 6.040. Accordingly, we look beyond the words to the purpose of the act as expressed by extrinsic evidence, such as legislative history and the statutory scheme as a whole. *See State ex rel Cox v. Wilson*, 277 Or 747, 750, 562 P2d 172 (1977). When the legislative purpose is unclear from the language of the statute and its history, we try to construe a statute in a way that comports with common sense. *See Didier v. S.I.A.C.*, 243 Or 460, 465, 414 P2d 325 (1966).

ORS 135.763(1) imposes the duty on the district attorney to "bring the inmate to trial" within 90 days of the receipt of the notice, subject to any continuances under ORS 135.763(2). It does not require the district attorney to insure that the trial is *held* within 90 days. The legislative history of ORS 135.760 to ORS 135.765[2] reveals that the statutes were intended to authorize

"[t]he inmate [to] request the District Attorney to make prosecution for such other crimes [with which he is charged] while he is imprisoned so that upon parole he will have a clean record." Minutes, House Judiciary Committee 1 (Apr. 18, 1955 — statement of Sen. Francis, SB 412's sponsor).

There is no expression in the legislative history that the legislature contemplated that a charge would be dismissed

---

[1] Essentially the same versions of ORS 1.010 and ORS 8.630 were in effect in 1955.

[2] It was enacted as ORS 134.510 to ORS 134.530 and subsequently renumbered as ORS 135.760 to ORS 135.765.

when circumstances beyond the control of the district attorney caused the delay. Requiring the district attorney to move for a continuance when the state is ready for trial is inconsistent with the principle that the burden of moving for a continuance should fall on the party who caused the delay.

To the extent that the holding in *State v. Whiley, supra,* is inconsistent with what the legislature intended, it should be overruled. There is evidence to support the trial court's finding that the district attorney did everything within his power to comply with defendant's request for a trial within the 90-day period. I would hold that the state's actions satisfied the requirements of ORS 135.763 and that defendant is not entitled to a dismissal of the indictment under the circumstances.

I dissent.

Rossman, Deits, and Riggs, JJ., join in this dissent.