ROBERT W. DANIELSON,
*Appellant,*

*v.*

Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(89-C-12046; CA A74110)

860 P2d 286

Thomas E. Price, Salem, argued the cause for appellant. On the brief was George E. Price, Salem.

J. Dean Taylor, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Richardson, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

### WARREN, P. J.

In this post-conviction relief proceeding, petitioner appeals a judgment denying him relief. We affirm.

This case involves a somewhat complex procedural history. In 1984, petitioner was indicted for aggravated murder, ORS 163.095 (count I); robbery in the first degree, ORS 164.415 (count II); and ex-felon in possession of a concealed firearm, ORS 166.270 (count III). He demurred to the indictment on all counts. The trial court sustained the demurrer on count I and the state appealed that ruling. *See State v. Danielson*, 79 Or App 278, 719 P2d 44, *rev den* 301 Or 445 (1986). On April 11, 1985, while the state's appeal was pending, petitioner filed a notice requesting trial within 90 days pursuant to ORS 135.760[1] and ORS 135.763.[2] On May 10, 1985, a hearing was held on that request. The purpose of that hearing was to "set a trial date and [then] postpone it." The trial court concluded that it did not have jurisdiction to try count I. On counts II and III, it set the case for trial within 90 days from April 11, 1985.

The trial on counts II and III did not take place before July 10, 1985, the date on which the 90-day period ended. The reason for that delay was not disclosed on the record other than the trial was "continued." On July 30, 1985, petitioner moved to dismiss the case based on the alleged violation of the 90-day rule. The trial court denied

---

[1] ORS 135.760(1) provides:

"Any inmate in the custody of the Department of Corrections against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith."

[2] ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purpose of this section."

that motion on August 1, 1985. Sometime after that, petitioner was transferred to California to stand trial for murder. Because of the lengthy prosecution, petitioner spent a great deal of time in California. On May 14, 1986, this court reversed the trial court's order granting petitioner's demurrer to the indictment on count I. On July 29, 1986, the Supreme Court denied review. On August 26, 1986, the appellate judgment was issued.

In September, 1986, petitioner's California trial began.[3] He was convicted of double murder there and sentenced to death. On February 5, 1987, petitioner filed another motion to dismiss the charges in this case, relying on both statutory and constitutional provisions governing speedy trial. The trial court denied that motion on February 10, 1987, and petitioner's Oregon trial began. He was convicted, by a jury, of aggravated murder and robbery in the first degree, and received a life term with a 30-year minimum and a 20-year consecutive term with a 10-year minimum.[4]

In 1990, petitioner filed this petition, asserting numerous grounds for post-conviction relief from the Oregon convictions and sentences. The post-conviction court denied the relief, among other reasons, because petitioner failed to satisfy his burden of proof. On appeal, petitioner focuses his argument on the claim that his appellate counsel was inadequate in failing to assign as error the rulings on his motions to dismiss on grounds of unreasonable delay and lack of speedy trial. We agree with the post-conviction court on the burden of proof issue and accordingly affirm.

■    To prevail on a claim of inadequate assistance of appellate counsel, a petitioner must establish

"(1) that a competent appellate counsel would have asserted [a claimed error], and (2) that had the claim of error been raised, it is more probable than not that the result would have been different. In short, the post-conviction [petitioner] must show that he or she was prejudiced." *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987).

---

[3] It is not clear when that trial ended or when petitioner was available to stand trial in Oregon.

[4] Count III was severed from the other two counts and was subsequently dismissed without prejudice.

It appears that the first prong of *Guinn v. Cupp, supra,* is satisfied. Petitioner preserved the error below by moving to dismiss for unreasonable delay and lack of speedy trial on both statutory and constitutional grounds. His appellate counsel did not raise that issue on direct appeal. If the asserted claim had merit, counsel should have raised it. The question thus is whether petitioner demonstrated that he was prejudiced.

■ It is undisputed that, on April 11, 1985, petitioner filed a notice requesting trial within 90 days. Because he was not tried within that period, petitioner argues, the criminal charges against him should have been dismissed. ORS 135.765.[5] Defendant responds that, because the state appealed the trial court's ruling on petitioner's demurrer to count I, the court had no jurisdiction to try him, at least on count I. We agree with defendant that the trial court lost jurisdiction to try count I. ORS 138.185(2); ORS 19.033(1); *see State v. Jackson,* 228 Or 371, 365 P2d 294 (1961); *State v. Wetzel,* 94 Or App 426, 429, 765 P2d 835 (1988). Consequently, count I was in effect tolled until August 26, 1986, when the appellate judgment was issued, and the 90-day period on count I started to run on that date.

■ With respect to counts II and III, the relevant inquiry is whether the trial on those two counts was properly continued. In *State v. Person,* 316 Or 585, 589, 853 P2d 813 (1993), the Supreme Court discussed four possible scenarios when a criminal defendant requests speedy trial under ORS 135.760 to ORS 135.765. The court held that, without the consent of the defendant, a trial court may only grant a continuance beyond the 90-day period "on motion of the district attorney for good cause shown," and that the trial court is not allowed to "grant a continuance in any other situations." 316 Or at 591; *see also State v. Hunter,* 316 Or 192, 199, 850 P2d 366 (1993). Here, petitioner did not testify on the continuance issue. Instead, he introduced as an exhibit his motion to dismiss, in which his trial counsel stated that "the trial was not continued for good cause." Defendant introduced an

---

[5] ORS 135.765 provides:

"On motion of the defendant or the counsel of the defendant, or on the own motion of the court, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

exhibit showing that, at the May 10, 1985, hearing, the state asked the trial court to set a trial date and indicated that it would then move to postpone it. Although it is not clear whether the state later moved for such a continuance, there was evidence that the trial on counts II and III was continued. Under the circumstances, the post-conviction court was entitled to conclude that petitioner had failed to carry his burden of proof that the trial was not continued for good cause. ORS 138.620(2).

■　　　The question remains whether the state violated the 90-day rule after count I was tolled to August 26, 1986, or if the trial on counts II and III was properly continued to that date. Sometime in August, 1985, petitioner was transferred to California to stand trial there. That trial began in September, 1986, about a year later. This means that, when the trial court regained jurisdiction after the appellate judgment was issued on August 26, 1986, petitioner was no longer in the custody of the Oregon Department of Corrections. As a result, ORS 135.763 does not apply, because it "governs speedy prosecution of inmates in the custody of the Corrections Division." ORS 135.760; *State v. Whiley*, 84 Or App 385, 388, 734 P2d 8 (1987); *see also State v. Foster*, 107 Or App 481, 812 P2d 440 (1991). In order to obtain the post-conviction relief, petitioner must demonstrate that the state violated the 90-day rule after he was available to stand trial in Oregon. However, he introduced no evidence to that effect. The post-conviction court correctly ruled that petitioner failed to satisfy his burden of proof.

We have also considered petitioner's other arguments and claims and conclude that they do not warrant discussion.

Affirmed.