Argued and submitted July 31, 2012, affirmed December 18, 2013, petition for review denied May 8, 2014 (355 Or 380)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS ALLEN ASHCROFT,
*Defendant-Appellant.*

Umatilla County Circuit Court
CFH090105; A145420

316 P3d 355

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Stephanie Striffler, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant, who was convicted of harassment, argues that the trial court erred in denying his motion to dismiss the charge for failure to bring him to trial within 90 days of his request for a timely trial under the inmate speedy-trial statutes, ORS 135.760 to 135.765. As explained below, we conclude that, under the current version of ORS 135.765(2), defendant was not brought to trial within 90 days due to continuances that were authorized by ORS 135.763(2), and, hence, the court was not required to dismiss the case. We therefore affirm.

The facts pertinent to our decision are procedural and are not in dispute. Defendant was arraigned on the harassment charge on June 2, 2009, in the Umatilla County Circuit Court. On June 5, 2009, defendant, who was then an inmate at a state prison, submitted a request pursuant to ORS 135.760 to be tried on the harassment charge within 90 days. The trial initially was set for August 27, 2009. On August 10, 2009, defense counsel informed the court that she would not be ready to proceed to trial on August 27 and she filed a motion to determine defendant's fitness to stand trial. The prosecutor explained that getting defendant evaluated at the Oregon State Hospital would likely take several months, and, at that point, the trial was taken off the docket at defense counsel's request. Status hearings were held on September 21 and October 13, 2009, when further scheduling was discussed. On December 14, 2009, the court received notification from the Oregon State Hospital that defendant was fit to stand trial, and the court subsequently scheduled the trial for March 4, 2010.

On January 21, 2010, defendant filed a *pro se* motion to dismiss the case and to dismiss his counsel. On February 16 and 18, 2010, a hearing was held. The court noted that the case had originally been scheduled for trial on August 27, within 90 days of defendant's request. Defense counsel stated that she had filed the motion on defendant's fitness to proceed, that defendant had had a "denied evaluation," and that

"I understand that that was received December 14, so that time from August 10th until December 14th was tolled

against defense. And then the way we see it, the time—and restarted.

"But as far as [defendant] would be concerned, June 5th, '09, was when the speedy trial was filed, so minus the 126 days that were tolled against him, he still should have had a trial within 24 days after the 24th [*sic*: 14th] of December. So that's going to be his position."

Defense counsel then noted that she had moved to withdraw because defendant had asked her to do so and that defendant was proceeding on his own motion. The court allowed counsel to withdraw, and defendant argued his motion to dismiss *pro se*. The court denied defendant's motion and issued a letter opinion in which it concluded that defendant had consented to the delay between August 10 and December 14, 2009, and that, "[i]f the time only for the evaluation was excluded from the 90 days then the defendant's 90 days would already be up, that being about 127 days to this hearing date." The court concluded, however, that, under ORS 135.763(2), it had the authority to grant a continuance on its own motion, although it stated that such a period should not be greater than 90 days:

"The court has set the trial within 90 days of the date when the court learned that defendant was fit to proceed. The court so finds good cause and that the time frame is reasonable under the circumstances."

Defendant subsequently entered a conditional guilty plea, reserving his right to appeal the trial court's decision on the speedy-trial issue.

On appeal, defendant reiterates his position that, in order to comply with ORS 135.760 to 135.765, a defendant must be tried within 90 days of the request for trial, excluding defendant's requested continuances. He argues that the effect of a continuance is to "toll" the 90-day period and that days both before and after the continuance count toward the 90-day deadline.[1] In support of that position, defendant

---

[1] Defendant's argument is based on the common meaning of the word "toll" as used in the context of statutory timeline provisions. *See Black's Law Dictionary* 1625 (Bryan A. Garner ed., 9th ed 2009) (defining "toll" as "(Of a time period, esp. a statutory one) to stop the running of; to abate <toll the limitations period>" and defining "tolling statute" as a "law that interrupts the running of a statute of limitations in certain situations").

points to three cases in which we have referred to "tolling" of the 90-day period described in an earlier version of the statutes. The state responds that the wording of the statute is not susceptible to the interpretation urged by defendant. As explained below, we agree with the state.

In interpreting a statute, we attempt to discern its meaning under the rules of *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines,* 346 Or 160, 206 P3d 1042 (2009). Our goal is to discern the legislative intent behind the statute by examining the text, context, and any helpful legislative history. *Id.* at 171-72. "Changes in the text of a statute over time are context for interpreting the version at issue in a given case." *Montgomery v. City of Dunes City,* 236 Or App 194, 199, 236 P3d 750 (2010). In this case, we find it useful to first look at the text of the current statutes, then the text of the previous version of the statutes and our case law interpreting them, as well as the legislature's intention in changing the statutes, before circling back to the current text of the statutes.

ORS 135.760 provides that inmates in the custody of the Department of Corrections against whom there are outstanding charges may give written notice requesting to be brought to trial on the outstanding charges. There is no dispute that defendant provided the requisite notice that he wished to be tried on the charge at issue in this case.

ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) The court shall grant any reasonable continuance with the consent of the defendant. Notwithstanding the defendant's lack of consent, the court may grant a continuance on motion of the district attorney or on its own motion, for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

ORS 135.765 provides, in turn:

"(1) On motion of the defendant or the counsel of the defendant, or on its own motion, the court shall dismiss any

criminal proceeding not brought to trial in accordance with ORS 135.763.

"(2)  This section shall not apply:

"(a)  When failure to bring the inmate to trial within 90 days after the district attorney receives notice under ORS 135.760 was the result of motions filed on behalf of the inmate, or of a grant by the court of a continuance on motion of the district attorney or on its own motion, for good cause shown; or

"(b)  When the inmate is unavailable for trial, other than by imprisonment, or because of other pending criminal proceedings against the inmate."

In sum, ORS 135.760 describes an inmate defendant's right to demand a speedy trial, ORS 135.763 describes the prosecutor's and the court's obligations to fulfill that right, and ORS 135.765 describes the circumstances in which an inmate defendant has a remedy of dismissal if the prosecutor or the court fails to fulfill the obligations described in ORS 135.763.[2]

Defendant notes that, on several occasions, this court referred to an earlier version of ORS 135.763 as providing a "tolling" of the 90-day period. In particular, defendant points to *Danielson v. Maass*, 123 Or App 366, 860 P2d 286, *rev den*, 318 Or 170 (1993); *State v. Gilliland*, 90 Or App 477, 752 P2d 1255 (1988); and *State v. Whiley*, 84 Or App 385, 734 P2d 8 (1987). However, none of those cases used the term "toll" or "tolling" in a context such as this—that

---

[2] The current versions of ORS 135.763 and ORS 135.765 were enacted in 1993. Before 1993, ORS 135.763 (1991), *amended by* Or Laws 1993, ch 542, § 1, had provided:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) A continuance may be granted upon the request of the district attorney and with the consent of the inmate. The court shall grant any continuance with the consent of the defendant. The court may grant a continuance on motion of the district attorney for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

ORS 135.765 (1991), *amended by* Or Laws 1993, ch 542, § 2, had provided:

"On motion of the defendant or the counsel of the defendant, or on the own motion of the court, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763."

is, they did not involve situations in which a period of time had begun to run, was interrupted by an intermediate event, and resumed running after the intermediate event concluded. Defendant correctly notes that "tolling" a statutory time period refers to interrupting it—that is, the statutory time period may run both before and after the period of interruption. However, in our cases in which we used the term "toll" or "tolling" in conjunction with the prior versions of ORS 135.763 and ORS 135.765, no issues were raised concerning the running of the time period before and after an interrupting event.

In the first of those cases, *Whiley*, the trial was held on the ninety-third day after the filing of the notice by the defendant. Defense counsel had been contacted by the trial court clerk and asked about his availability on a date within the 90 days. Defense counsel "was in fact agreeable to that trial date," and, although he complained to the clerk "that he felt there was a problem with adequate notice," we concluded that that "was not a request for a continuance that would *toll* the running of the statutory time limit." 84 Or App at 388 (emphasis added). Thus, in *Whiley*, we said that nothing had occurred that would "toll" the statute, but we said that in a context where we were not required to consider whether the time period ran both before and after a continuance.

Similarly, in *Gilliland*, the defendant made a request under the statute, no continuances were granted, and he was brought to trial more than 90 days after the notice. The issues on appeal in that case concerned whether notice had been adequately given pursuant to ORS 135.760 and whether the fact that an information had been replaced by an indictment during the 90-day period had any bearing on timing. 90 Or App at 480-82. Before discussing those issues, we stated:

> "Defendant's request for trial was received by the district attorney on February 21. The time limitation under ORS 135.763(1) would have expired on May 22, 1986. He was not tried before that date, and there were no continuances which *tolled* the running of the 90-day period."

*Id.* at 480 (emphasis added). Defendant is correct, however, that, although neither of those cases concerned tolling in

the sense that the present case does, the use of the term, on the facts of those cases, is not inconsistent with defendant's understanding of it.

Similarly, in *Danielson*, a post-conviction case in which the court was discussing a pretrial appeal that had occurred in the underlying criminal case, we stated:

> "It is undisputed that, on April 11, 1985, [after an appeal had been filed,] petitioner filed a notice requesting trial within 90 days. Because he was not tried within that period, petitioner argues, the criminal charges against him should have been dismissed. ORS 135.765. Defendant responds that, because the state appealed the trial court's ruling on petitioner's demurrer to count I, the court had no jurisdiction to try him, at least on count I. We agree with defendant that the trial court lost jurisdiction to try count I. ORS 138.185(2); ORS 19.033(1); *see State v. Jackson*, 228 Or 371, 365 P2d 294 (1961); *State v. Wetzel*, 94 Or App 426, 429, 765 P2d 835 (1988). Consequently, *count I was in effect tolled until August 26, 1986, when the appellate judgment was issued, and the 90-day period on count I started to run on that date.*"

123 Or App at 370 (emphasis added; footnote omitted). Thus, in *Danielson*, we used the term "tolled" to indicate that, in a case where an interlocutory appeal had been filed before the petitioner had filed his 90-day notice, the 90-day period was "tolled" until "the date the appellate judgment was issued" in the interlocutory appeal. That case concerned the effect of the filing of a 90-day notice at a time when the trial court lacked jurisdiction over the case. Again, that case is not particularly helpful here, because it discussed only when the 90-day period *began* to run and not whether the period had been interrupted.

In sum, defendant is correct that we have used the term "tolling" when discussing prior versions of ORS 135.763. We did so, however, in contexts in which we were not called upon to decide whether the statute truly acted as a "tolling" provision within the common meaning of that term. The reason we take such pains to describe our use of a nonstatutory term in cases involving an earlier version of the statute is because a later case from the Oregon Supreme Court, again involving the earlier version of the statute,

appears to be inconsistent with the idea that ORS 135.763 (1991) contained a tolling provision of the type defendant suggests.

In *State v. Hunter*, 316 Or 192, 850 P2d 366 (1993), the court addressed whether the defendant was entitled to dismissal of charges based on the failure to bring him to trial within 90 days of his notice. In that case, the notice was received on January 9, 1990, and the defendant was arraigned shortly thereafter. The court asked defense counsel if counsel wanted the matter continued to allow time for discovery and plea negotiations, and counsel responded affirmatively. *Id.* at 195. The court and counsel then explained to the defendant that that meant he might not be tried within the 90-day period, and the defendant indicated that he understood. *Id.* at 196. The court then set the initial trial date outside the 90-day period. On appeal, the court provided the following guidance for application of ORS 135.760 to 135.765 (1991):

> "Once a district attorney has received an inmate's notice requesting speedy trial under ORS 135.760 to 135.765, four scenarios are possible, only one of which requires dismissal under ORS 135.765:
>
> "*(1) The inmate is brought to trial within 90 days.*
>
> "When trial occurs within 90 days of the district attorney's receipt of the speedy trial notice, ORS 135.765 does not require dismissal, because the inmate has been 'brought to trial in accordance with ORS 135.763.'
>
> "*(2) The inmate is not brought to trial within 90 days because of one or more continuances of the trial granted in accordance with ORS 135.763(2).*
>
> "When trial occurs beyond the 90-day period, but one or more continuances of the trial beyond that period were granted in accordance with ORS 135.763(2), ORS 135.765 does not require dismissal because, again, the inmate has been 'brought to trial in accordance with ORS 135.763.'
>
> "*(3) The inmate is not brought to trial within 90 days, but the inmate has waived his right to speedy trial under ORS 135.760 to 135.765.*

"Rights, even of constitutional dimension, can be waived. *See, e.g., State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992) (illustrating principle—waiver of right to counsel). That principle applies to the statutory rights created under ORS 135.760 to 135.765. When trial occurs beyond the 90-day period, but the inmate has intentionally relinquished or abandoned his or her right to trial within that period, ORS 135.765 does not require dismissal, because the inmate has waived the right to be 'brought to trial in accordance with ORS 135.763.'

*"(4)    The inmate is not brought to trial within 90 days, but the delay is not the result of a continuance of the trial granted in accordance with ORS 135.763(2), and the inmate has not waived his right to a speedy trial.*

"When trial occurs beyond the 90-day period, and there was neither a continuance of the trial beyond that period granted in accordance with ORS 135.763(2), nor a waiver of the speedy trial right by the defendant, ORS 135.765 requires dismissal, in that circumstance, because the defendant has 'not been brought to trial in accordance with ORS 135.763.'"

*Hunter*, 316 Or at 199-200 (emphasis in original). The court went on to note that the defendant in that case had not been brought to trial within 90-day period, adding that

"the trial court's denial of defendant's motion to dismiss under ORS 135.765 was incorrect unless either (1) one or more continuances of the trial beyond the 90-day period were granted in accordance with ORS 135.763(2) *or* (2) defendant waived his right to a speedy trial."

*Id.* at 200 (emphasis in original). The court went on to hold that ORS 135.763(2) (1991) was inapplicable on the facts of the case because the original trial date was set beyond the 90-day period without a continuance, but that the defendant had nonetheless waived his right to be tried within the 90-day period. *Id.* at 201-02.

Those guidelines for the application of ORS 135.760 to 135.765 (1991) cannot be reconciled with treating ORS 135.763 (1991) as a provision that tolls the 90-day period for the duration of a continuance. In particular, we look

to sections (2) and (4) of the Supreme Court discussion in *Hunter*.[3] In section (2), the court stated that "[w]hen trial occurs beyond the 90-day period, but one or more continuances of the trial beyond that period were granted in accordance with ORS 135.763(2), ORS 135.765 does not require dismissal because, again, the inmate has been 'brought to trial in accordance with ORS 135.763.'" 316 Or at 199. That text indicates that, if continuances were properly granted under ORS 135.763(2) (1991), dismissal is not a remedy. That is, it suggests that, once a continuance is properly granted pursuant to ORS 135.763(2) (1991), the 90-day provision no longer is applicable. Had the court in *Hunter* meant to say that proper application of ORS 135.763(2) (1991) merely tolls the 90-day period, it would not have chosen to make the unqualified statement that, when continuances have been granted in accordance with ORS 135.763(2), "ORS 135.765 does not require dismissal." *Id.* at 199.

The court's further statement in section (4) reinforces that conclusion. As noted above, the court stated that, of the four possible scenarios, only one of them, the fourth, would entitle a defendant to dismissal, *viz.*, when the trial occurred outside of the 90-day period "and there was neither a continuance of the trial beyond that period granted in accordance with ORS 135.763(2), nor a waiver of the speedy trial right by the defendant." *Id.* at 200. In sum, the court in *Hunter* interpreted ORS 135.763(2) (1991), which allows for continuances in some circumstances, to be an exception to the 90-day period provided in ORS 135.763(1) (1991), not to provide for tolling of the 90-day period.

With that background in mind, we now turn to the 1993 amendments to the statutes. The 1993 amendments to ORS 135.763 and ORS 135.765 were made at the request of the Department of Justice in response to our decision in *State v. Person*, 113 Or App 40, 831 P2d 700 (1992), *aff'd*, 316 Or 585, 853 P2d 813 (1993), in which we had held (and the Supreme Court subsequently had affirmed) that, although the statute permitted continuances requested by the state under specified circumstances, it did not permit

---

[3] Section (1) from *Hunter* is not at issue here, as it is undisputed that defendant was not brought to trial within 90 days of the notice. Section (3) also is not implicated, as there is no argument here that defendant waived his rights.

continuances on the court's own motion, despite the fact that the delay in that case was occasioned by the defense counsel's motion to withdraw from the case and to appoint new counsel.

As noted, the amended versions of the statutes expressly permit courts to grant own-motion continuances, ORS 135.763(2), and make the 90-day provision inapplicable in circumstances where the failure to bring an inmate to trial within 90 days was the result of motions made on behalf of the inmate, ORS 135.765(2)(a). *See* Or Laws 1993, ch 542, §§ 1, 2; House Bill (HB) 2247 (1993); Minutes, House Judiciary Committee, Subcommittee on Civil Law and Judicial Administration, HB 2247, Jan 26, 1993. Defendant notes that a witness in support of the bill at one point referred to the 90-day provision as a tolling provision. Tape Recording, House Judiciary Committee, Subcommittee on Civil Law and Judicial Administration, Tape 7, Side A (statement of Janet Klapstein). However, as with the case law described above, although the word was used, there was no actual discussion of tolling and, as noted, the changes to the statutes were directed to legislatively overruling *Person*, which did not concern tolling.

In sum, the wording changes made to the statute by the 1993 Legislative Assembly did not concern tolling, did not alter the 90-day provision, and did not change the structure of the statute in such a way as to call into question the template for analysis set out by the court in *Hunter*. That is, under both the older and newer versions of the statutes, there remain four scenarios, only one of which requires dismissal:

"*(1) The inmate is brought to trial within 90 days.*

"\* \* \* \* \*

"*(2) The inmate is not brought to trial within 90 days because of one or more continuances of the trial granted in accordance with ORS 135.763(2).*

"\* \* \* \* \*

"*(3) The inmate is not brought to trial within 90 days, but the inmate has waived his right to speedy trial under ORS 135.760 to 135.765.*

"* * * * *

"*(4)    The inmate is not brought to trial within 90 days, but the delay is not the result of a continuance of the trial granted in accordance with ORS 135.763(2), and the inmate has not waived his right to a speedy trial.*"

*Hunter*, 316 Or at 199-200 (emphasis in original).

The legislative changes to the statutes in 1993 created new provisions for the authorization of a continuance by a court *sua sponte* and for continuances that result from motions filed on a defendant's behalf but did not otherwise affect the manner in which the statutes operate. Thus, in order to prevail, a defendant must show that he or she was "not brought to trial within 90 days, but the delay is not the result of a continuance of the trial granted in accordance with ORS 135.763(2), and the inmate has not waived his right to a speedy trial." *Id.* at 200. Here, defendant was not brought to trial within 90 days. Moreover, there is no indication that he had waived his right to a speedy trial. The question under *Hunter* is whether "the delay is not the result of a continuance of the trial granted in accordance with ORS 135.763(2)," *id.*, which is the question to which we turn.

Defendant was scheduled for trial on August 27, 2009, within 90 days of his filing of a request for a speedy trial. On August 10, 2009, defense counsel filed a motion to determine defendant's fitness to stand trial. Counsel told the court that she had met with defendant, that there were "significant misunderstandings" and "psychiatric problems in the past, and I witnessed it firsthand on Friday. So I would just ask that it be taken off the trial docket." The court's order provides, in pertinent part, "delay attributed to these proceedings is defense delay, and good cause is found for delay past the 90-day period."

Defendant does not suggest that the delay occasioned by his counsel's request that he be evaluated for fitness to proceed was not, in fact, authorized under ORS 135.763(2). We conclude that it was. That is, ORS 135.763(2) requires a court to "grant any reasonable continuance with the consent of the defendant," and ORS 135.765(2) provides that a defendant is not entitled to dismissal when "failure to

bring the inmate to trial within 90 days * * * was the result of motions filed on behalf of the inmate." Defendant argues, however, that, on the day that the Oregon State Hospital informed the court that it had determined that he was fit to proceed, not only did his request for a continuance expire *sub silentio*, but the remainder of the 90-day period, which defendant contends was tolled during his requested continuance, began to run again. As explained below, we disagree.

First, we note that defense counsel's request that the case be taken off the trial docket was open ended. That is, counsel did not ask for a continuance of a specific amount of time, nor did the court grant a continuance of a specific amount of time. Colloquies between the court and counsel indicated that, although defendant initially seemed competent when he communicated with counsel, he later did not. Moreover, counsel noted that defendant was filing *pro se* motions and counsel was not sure that he was aware that he was represented by counsel.[4] At the last pretrial hearing before the report was sent by the hospital, counsel stated that she intended to set up another meeting with defendant, and the trial court indicated that the court would schedule a pretrial hearing by video but "[w]e won't set a date today, and based on what we learn about the [evaluation] process here this week, we'll set it accordingly." Defense counsel simply thanked the court and did not object to that procedure or suggest that the court needed to make other scheduling arrangements. Given those circumstances, it was entirely understandable that the trial court did not have the case scheduled for trial at that point.

In any event, when the court received notice that defendant was fit to stand trial, ORS 135.763 and ORS 135.765 did not require the court to try defendant within 24 days of its receipt of that notice. The 90-day provision is contained in ORS 135.760 and ORS 135.763(1). ORS 135.763(2) provides an *exception* to the 90-day provision, not a method of tolling it. ORS 135.763(2) requires a court

---

[4] Ultimately, after defendant was found fit to proceed, counsel asked to withdraw from representation, noting that defendant "didn't consent to my waiving his statutory rights by filing a motion to determine his fitness to proceed" and that he was requesting that counsel be dismissed. The court allowed counsel to withdraw, and defendant proceeded to argue his speedy-trial motion *pro se*.

to grant "any reasonable continuance" to which a defendant consents, and continuances on motion of the state or the court "for good cause shown," with no reference to the 90-day timeline. ORS 135.765 provides for dismissal if an inmate defendant is not brought to trial in accordance with ORS 135.763, but specifies that "[t]his section *shall not apply*" when the "failure to bring the inmate to trial within 90 days * * * was the result of motions filed on behalf of the inmate, or of a grant by the court of a continuance * * * on its own motion, for good cause shown." Once ORS 135.763(2) is legitimately invoked (either because motions have been filed on a defendant's behalf, or because the court has granted a continuance, or some combination thereof), then the 90-day period no longer applies. The question, at that point, becomes whether the continuance or continuances beyond the 90-day period were due to motions filed on the defendant's behalf or continuances granted "for good cause shown."

Defendant argues, finally, that the court's continuance of the case beyond December 14, 2009, was not for good cause shown because "it did not explain the factual basis for its legal determination." We disagree. The trial court wrote a lengthy memorandum opinion explaining what had occurred in this case, detailing the problems that defense counsel had encountered in working with defendant, noting the pertinent times described above, and indicating that it had set the matter "quickly within its docket." Under those circumstances, and, in particular, in light of the nature of the continuance requested by defense counsel and the ongoing problems between defendant and counsel, we conclude that the trial court's continuance of the case was "for good cause shown." ORS 135.763(2). The trial court did not err in denying defendant's motion to dismiss.

Affirmed.